ROBERT MATSON *et al.*, Appellants, *v.* JOHN CONNELLY, Appellee.

### APPEAL FROM PEORIA.

A verdict for plaintiff in trespass, which concludes, "and assess the damages at nineteen dollars," is cured by the statute of Jeofails.

A motion to dismiss an appeal comes too late, if there is a joinder in error.

Matson et al. *v.* Connelly.

THIS cause was originally commenced before a justice of the peace, being an action of a trespass to real estate, and was taken by appeal to the County Court of Peoria county.

The jury found a verdict for the plaintiff below for nineteen dollars, which verdict is in the words and figures, to wit:

JOHN CONNELLY,
        *vs.*
ROBERT H. MATSON,
JOHN A. MATSON.    } " We, the undersigned jurors, find for the plaintiff, and assess the damages at nineteen (19) dollars."

Which verdict is signed by all the jurors.

The defendants then entered a motion for a new trial, for the following reasons:

Because the verdict is contrary to law, contrary to the evidence, is informal and insufficient, and because the damage is excessive.

The court overruled the motion, and the defendants then moved in arrest of judgment for the following reason:

Because the verdict is informal: the suit being in trespass and the verdict being in assumpsit.

The court overruled the motion and rendered judgment, when defendants below excepted, and prayed an appeal, and assign for error, that the verdict is uncertain, informal, and void.

M. WILLIAMSON, for Appellants.

C. C. BONNEY, for Appellee.

BREESE, J.    There was no necessity for amending this verdict in the court below.    The defect is cured by our statute of amendments and jeofails.

Error having been joined, the motion to dismiss the appeal comes too late.    It would have prevailed if made in the first instance, as the judgment does not amount to twenty dollars, exclusive of costs, nor does it relate to a franchise or freehold.

The judgment is affirmed.

*Judgment affirmed.*