## HUGH M. ALWOOD
### *v.*
## HENRY MANSFIELD.

1. DISTRESS WARRANT — *its requisites — description of premises.* No description of the demised premises is necessary to be given in a distress warrant. And if a description is attempted to be given, it will be regarded as mere surplusage, and whether correct or not will make no difference.

2. PRACTICE — *in proceedings by distress for rent.* The proceeding by distress for rent is not governed by the practice affecting ordinary trials at law. The statute has not made the proceeding an original action. It originates, as it did before, from the action of the landlord, and under his authority is the levy made, and not under a process of the court. But after it progresses to that stage, it is transferred to the court for the single purpose of ascertaining whether the relation of landlord and tenant exists, and what sum was due for rent when the goods were seized.

3. SAME — *of filing a copy of the lease sued upon.* So, the statute does not require that a copy of the lease or other instrument shall be filed with the warrant, or before the trial.

4. SAME — *of filing declaration.* Nor is a declaration necessary to a trial, in such a proceeding.

5. SAME — *what defense may be interposed.* In such a proceeding, where the

tenant fails to obtain possession of any portion of the demised premises, he may, no doubt, show that fact, and thereby rebut the presumption arising from his having entered under the lease, that he had acquired the possession of the whole.

6. LANDLORD AND TENANT — *tenant cannot deny landlord's title.* A party, by accepting a lease and becoming a tenant, admits his landlord's title, and is thereby precluded from disputing it.

7. JUDGMENT — *in distress for rent.* In a proceeding by distress for rent, the statute does not authorize the court to render judgment, but simply to enter the finding of the jury on the record, and certify the amount found to be due, with the costs, to the officer or other person making the distress, which becomes his authority for making sale of the goods distrained. So where a regular judgment was entered in such a proceeding, awarding an order on the sheriff to sell the property, it was *held*, that in so far as a special execution or the order for a sale of the property, was awarded, the judgment was erroneous.

8. VERDICT — *in distress for rent.* The verdict of a jury in such a proceeding, was as follows: "We, the jury, find for the plaintiff, and give four hundred dollars damages." *Held*, that finding the amount due as "damages," instead of calling it rent due, did not vitiate the verdict, and it would be sufficient to sustain a proper order in such a case.

9. PRACTICE IN THE SUPREME COURT — *entering judgment.* On writ of error to review the proceedings under a distress for rent, the judgment below was reversed, and the finding of the jury in the Circuit Court was entered on the records of the Supreme Court, and the clerk was ordered to certify the amount to the officer making the distress, so that he might proceed to sell the property distrained, for the satisfaction of the sum found due.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

On the 17th of November, 1862, Henry Mansfield issued his warrant of distress as follows :

"To the sheriff of Mason county, Illinois, my bailiff, greeting: distrain of the goods and chattels of Hugh M. Alwood, sufficient to make the sum of four hundred dollars, being the rent for one year, expiring on the 15th day of November instant, on the following described real estate, situated in the county of Mason, in the State of Illinois, to wit: The S. E. qr. of sec. No. 8; the S. hf. of sec. 27; the N. hf. of sec. 34; the N. E. qr. of sec. 33, and the N. W. qr. of the S. W. qr. of sec. 34, all in T. 23 N. of R. 6 W. of 3d. P. M., and make return hereof with an inventory of the property distrained to the clerk of the Circuit

Court of said Mason county, and this shall be your warrant. Dated November 17, 1862.            H. MANSFIELD."

Property was seized under the warrant, and the proceedings filed in the Circuit Court, from which a summons was issued and served returnable to the March Term, 1863. A declaration was filed, and on the first day of the October Term, 1863, the cause was continued. On the ninth day of the term the order of continuance was set aside, and thereupon the defendant moved the court to dismiss the proceeding upon the ground of the alleged insufficiency of the distress warrant, in requiring the bailiff to collect all the rent for the use of only a part of the land embraced in the lease. Upon this motion there was no evidence to show what land had been leased, or upon what lands the rent had accrued. The motion was overruled and exception taken. The defendant then moved the court to continue the cause, for the reason that there was no copy of the instrument sued on filed therein; which motion was also overruled, and the defendant excepted. The plaintiff in the proceeding then, by leave of the court, withdrew his declaration; and thereupon the defendant entered his motion to dismiss the cause for want of a declaration on file. This motion was refused, and the ruling of the court excepted to. A jury was then impanneled to try the cause. On the trial the plaintiff offered in evidence a lease, which was objected to, 1st, because the land described in the lease did not agree in the description in the warrant of distress; 2d, because the plaintiff sought to recover rent in his distress warrant for part of the land described in the lease, and all of which as described in the lease, was rented for $400. The objection to the lease was overruled, and the instrument admitted in evidence, to which the defendant excepted.

The plaintiff then introduced *R. M. Cox* as a witness, who testified that he was acquainted with Hugh M. Alwood, the defendant, and with the land described in the lease, that the defendant together with his two sisters, Esther A. Phillips and Sarah Alwood, was in possession of and farmed a part of the land described in said lease, to wit: that portion that was in a

state of cultivation, amounting to about 220 acres, during the year 1861. Didn't know that Mansfield had a title to any of the lands described in the lease. This was all the evidence in the case. The defendant then asked the court to give to the jury the following instructions:

1st. That if they believed from the evidence, that the lease offered in evidence described more land than the landlord's distress warrant, then they will find for the defendant.

2d. That the law is, that unless the landlord (the plaintiff herein) sued for the rent of the whole land leased to the defendant (if they believe that all the land was leased *en masse* for $400), and that he seeks to recover rent for a part of the premises leased, and not the whole, then the jury are instructed that they will find for the defendant.

3d. That unless the jury believe from the evidence, that Mansfield put the defendant into possession of all the lands described in the lease, then they will find for the defendant.

4th. That if the jury believe from the evidence, that Mansfield had not a title to all the lands described in the lease, which the defendant was not in possession of (if they believe from the evidence, he was not in possession of all), so that the defendant could have gotten possession, then the jury will find for the defendant.

The court refused to give any of these instructions, and exception was taken. The jury returned the following verdict: " We, the jury, find for the plaintiff, and give four hundred dollars damages." A motion for a new trial was overruled, and thereupon the court entered the following judgment, after reciting the foregoing proceedings: " Whereupon it is ordered by the court that the plaintiff have and recover of the defendant herein the said sum of four hundred dollars, and his costs by him in this behalf expended, and that the sheriff be ordered to sell so much of the property distrained herein as will satisfy the above judgment and costs."

Thereupon the defendant sued out this writ of error. The questions arising under the assignment of errors are, *First,* whether it is necessary that a distress warrant should contain a

description of the demised premises; and herein, of the effect of a mis-description in that regard. *Second*, whether it is necessary, in such a proceeding, to file a copy of the lease with the warrant, or before the trial. *Third*, whether a declaration is required. *Fourth*, of the remedy of the tenant when he has not been able to obtain possession of the whole of the premises leased, and *Fifth*, of the form and requisites of the verdict and judgment in such a proceeding.

Mr. LYMAN LACY, for the plaintiff in error.

Mr. H. M. WEAD, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding to collect rent in arrear by a distress warrant. The warrant was issued by defendant in error against plaintiff in error, and it was returned into the Mason Circuit Court. Under the provisions of the act of 1841 the court below proceeded to ascertain the amount due, which was found to be the sum of four hundred dollars. Upon this finding the court rendered a judgment for the amount and for costs, and made a special order that the sheriff sell the property distrained, or so much as might be required to satisfy the judgment. The cause is brought to this court for the purpose of reversing that judgment.

The first error assigned questions the correctness of the decision of the court below in overruling the motion to dismiss the proceeding. The ground of the motion to dismiss was that the distress warrant was insufficient because it required the bailiff to collect all of the rent for the use of only a part of the land embraced in the lease. The court overruled the motion, and exceptions were taken and preserved in the record by plaintiff in error. It will be observed, that the motion to dismiss only points out, as a defect in the warrant, that it requires the bailiff to collect all of the rent for only a part of the land leased. On this motion there was no evidence from which the court could

determine what land had been leased, or upon what lands rent had accrued. Even if it had been necessary to describe the leased premises in the warrant, a defective description could not be taken advantage of by a motion at this stage of the proceeding. But according to the most approved precedents no description of the premises is necessary. It was surplusage to insert a description of the demised premises in the warrant, and whether correct or not could make no difference.

It is again urged that the court erred in refusing to continue the cause because there was not filed a copy of the instrument sued upon, ten days before the term. In the case of *Sketoe* v. *Ellis*, 14 Ill. 75, it was said that it was not the intention of the legislature further to interfere with the common law right of the landlord to distrain for rent in arrear, than to require him, before he can sell the property distrained, to bring the tenant into court, establish his right to make the distress and have the amount assessed. That the court in its action has only to inquire whether the relation of landlord and tenant exists between the parties, and if so, to ascertain the amount of rent due when the distress was made. These were held to be the only questions that could properly arise on the trial, and no other transactions between the parties can be taken into consideration. That neither party can introduce a demand against the other not arising alone out of the relation of landlord and tenant.

It will be observed, from what was there said, that this proceeding is not governed by the practice affecting ordinary trials at law. The statute has only brought the landlord's right to sell the property distrained under the control of the court, but has not made the proceeding an original action. It originates, as it did before, from the action of the landlord, and under his authority is the levy made, and not under a process of the court. But after it progresses to that stage, it is transferred to the court for the single purpose of ascertaining whether the relation of landlord and tenant exists, and what sum was due for rent when the goods were seized. The act has not required that a copy of the lease or any other instrument shall be filed with the warrant, or before the trial. The act does not provide that the

cause shall progress and be tried as in other causes originating in the Circuit Court, when the warrant is returned there; nor does it require it to be tried on pleadings. Every case tried in the Circuit Court is not necessarily governed in all respects by the practice act, as appeals are tried in a summary manner without pleadings, and are not, in all respects, governed by the practice act, and for the reason that the statute does not require it. So of this proceeding, neither pleadings nor conformity to the practice act are required. A copy of the lease was not required to be filed in this case. Nor was a declaration necessary to a trial.

It is, again, insisted that the evidence fails to show that plaintiff in error was let into possession of the demised premises. It does show that he was in possession and cultivating a portion of the lands described in the lease. It also appears that the part which he and his sisters occupied was the only improved portion of the land. From this evidence, the jury were justified in finding that plaintiff in error had been admitted to all the possession of which the property was capable. If he failed to obtain possession of any portion of the premises, he could, no doubt, have shown that fact, and have rebutted the presumption that, having entered under the lease, he had acquired possession of the whole of the premises. No objection is perceived to the finding of the jury on this ground.

From the views already presented, it will be perceived that the first and second instructions asked by plaintiff in error were properly refused. By accepting the lease and becoming a tenant, plaintiff in error admitted the title of his landlord, and thereby precluded himself from disputing it. The conclusion then follows, that the third instruction was properly refused.

It is, lastly, insisted that the court below erred in rendering a judgment on the finding of the jury. The statute has not authorized the court to render judgment, but simply to enter the finding of the jury on the record, and certify the amount found to be due, with the costs, to the officer or other person making the distress, which becomes his authority to make sale of the goods distrained. In this case a recovery is had and a regular judgment is rendered, awarding an order on the sheriff

to sell the property. In so far as a special execution was awarded, or the order for the sale of the property was awarded, the judgment is erroneous, and must be reversed.

It is urged that the finding of the jury is insufficient to authorize this court to enter the proper order. It finds a specific sum due; but it is found as damages, instead of calling it rent due. If a defect, this can only be as to the form, and not as to the substance. We see, from the evidence in the case, that the only claim was for rent in arrear, and the merely calling the sum found to be due, damages, cannot vitiate the verdict. We are, therefore, of the opinion that it is substantially sufficient, and may well sustain a proper order in such a case. It is, therefore, ordered by this court, that the finding of the jury be entered upon the records of this court; and it is further ordered, that the clerk of this court certify the amount found to be due, to the sheriff of Mason county, so that he may, under the statute, proceed to sell the property distrained, or so much thereof as may be necessary to pay the sum found to be due, and the costs of the Circuit Court.

*Judgment reversed.*