## GEORGE W. REARDEN
*v.*
## JOHN B. SMITH.

PRACTICE — *verdict.* Where the entry upon the record, after giving the title of the case, and reciting the appearance of the plaintiff and the default of the defendant, proceeds in the following form: "Jury called to assess damages. Verdict, we, the jury, find damages for $1,200," and thereupon follows the judgment. *Held*, that this court will presume, in the absence of anything in the record showing a different state of facts, that the jury was composed of lawful jurors, that they were properly sworn, and that the verdict given in the order was a verd.ct in the case on trial, and duly returned into court.

WRIT OF ERROR to the Circuit Court of Alexander county.

This was an action of covenant, brought by Smith against Rearden, at the May term, 1859, of the Circuit Court, of Alexander county. The plaintiff had judgment for $1,200, and the defendant brought this writ of error. The only question made in this court was upon the sufficiency of the entry in the record in regard to the impanneling of the jury and the return of the verdict. The facts appear in the opinion of the court.

Messrs. HAYNIE & MARSHALL, for the Plaintiff in Error.

Mr. JOHN OLNEY, for the Defendant in Error.

MR. JUSTICE LAWRENCE delivered the opinion of the Court.

This was an action of covenant, brought by Smith against Rearden, upon an instrument by which the latter, after reciting that he had sold to Smith certain lands, guaranteed that they were not graduated lands under the act of Congress, and covenanted to pay $1,200 in case they should be ascertained to be graduated. There is an error assigned upon the insufficiency of the declaration, but it was abandoned upon the argument, as the second count was conceded to be good, which it undoubtedly is. The assignment of error upon which reliance is placed is, that " the record does not show that a jury was ordered or impanneled, or that the cause was submitted to them, or that any jury ever returned any verdict into court."

The record shows, after a continuance for one term, on motion of the defendant below, the following order :

" JOHN B. SMITH
         *v.*          }  *Covenant.*
GEORGE W. REARDEN. }

Now, on this day came the plaintiff by his attorney, and the defendant by his counsel. Defendant called, and made default. Jury called to assess damages. Verdict, we, the jury, find damages for $1.200. It is therefore considered by the court, that the plaintiff recover of the said defendant the aforesaid sum of twelve hundred dollars damages, with costs to be taxed, and may have execution therefor," etc.

This entry of the proceedings of the court is, without doubt, censurably informal. It does not belong to clerks to depart from established precedents, and when they are disposed to attempt this species of law reform, counsel would do wisely to supervise their entries, and ask the interposition of the court, if necessary, in order to secure a proper record of the proceedings in their respective cases. At the same time, the defects in the foregoing order are precisely such defects as are cured by the statute of jeofails. This court must presume, in the absence

of anything in the record showing a different state of facts, that the jury was composed of lawful jurors, that they were properly sworn, and that the verdict which we find in the foregoing order was a verdict in this case, duly returned into court, upon which the court rendered its judgment. If we were to reverse a judgment for such defects of form as are here assigned for error, we should be establishing a rule that would work to innocent parties, by the errors of clerks, those very hardships which the many acts of jeofail, passed by the British Parliament, were designed to prevent, and which are emphatically guarded against by our own very comprehensive law passed for the same purpose, and by the spirit of our whole system for the administration of justice.

*Judgment affirmed.*