## HELEN S. BROWN
*v.* ·
## PETER P. KELLER.

| 38 | 63 |
| 40a | 267 |
| 38 | 63 |
| 185 | 132 |
| 38 | 63 |
| 100a | 1264 |

1. VERDICT—*whether in debt or assumpsit.* In an action of debt for rent and for use and occupation, a verdict finding the amount of rent due, while it is informal, is substantially sufficient.

2. Should it appear that a verdict thus rendered, included interest, it would be erroneous as a verdict in debt, as that must be found separately from the debt, and as damages. But the verdict finding the amount of rent due, specifically, excludes the idea of interest, and is substantially good as a verdict in debt.

3. JUDGMENT—*whether in debt or assumpsit.* A judgment rendered upon such a verdict, for the amount found, "being amount of rent due, in form aforesaid by the jury herein found due," is also substantially good as a judgment in debt.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of debt brought in the court below by Peter P. Keller against Helen S. Brown. The declaration contained two counts for rent, and a third for use and occupation.

Upon trial, the jury returned a verdict as follows: "We, the jury, find for the plaintiff, amount of rent due, two hundred and twenty-two dollars and forty cents," upon which the following judgment was entered:

"It is considered that the said plaintiff do have and recover "of and from said defendant, the said amount of two hundred "and twenty-two dollars and forty cents, being amount of rent "due in form aforesaid by the jury herein found due, together "with costs and charges in this behalf expended, and have "execution therefor."

The defendant brings the case to this court upon writ of error, and insists there is error, because, as she alleges, the verdict and judgment are in assumpsit, not in debt.

Mr. E. S. SMITH, for the plaintiff in error.

Mr. JAMES REDFIELD, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted that the verdict is not responsive to the issue in this case. The declaration is in debt. The first two counts for rent, and the third for use and occupation. The verdict is this: "We, the jury, find for the plaintiff, amount of rent due, two hundred and twenty-two dollars and forty cents." The court, without having the jury to find the debt and damages, had it entered, and rendered judgment, that the plaintiff recover of the defendant the sum so found by the jury. It is urged that the verdict and judgment are in assumpsit, whilst the action being debt, it is erroneous. It certainly is informal and loose practice in a Circuit Court, where all of the officers are supposed to understand the difference in the various actions, and the forms usually observed in each.

It is, however, contended that whilst the verdict is informal, it is substantially good. If the word debt were substituted for the word rent, there would be no doubt about the sufficiency of the finding. Neither the verdict nor judgment profess to find damages, but simply the sum due. If we could see that interest was included in the verdict, then it would be erroneous as a verdict in debt, as that must be found separately from the debt, and by way of damages. But in this case the finding is for the rent due, which seems to exclude interest. The declaration described the debt as being due for rent, and the finding is for the sum that was due. Whilst the verdict is informal, still it is substantially an answer to the issue formed in the case and tried by the jury. Inasmuch as neither the verdict nor judgment seem to have allowed interest, the finding must have been for the debt alone, and they were not erroneous. The judgment of the court below must be affirmed.

*Judgment affirmed.*