# GEORGE HAMM

### v.

# MARY E. CULVEY.

1. TRESPASS—*verdict and judgment.* Technical nicety is not required in the verdict, in trespass. A general finding of guilty, and judgment according to the verdict, is sufficient.

2. In trespass for a personal assault, a verdict, " We, the jury, find the defendant guilty, and assess the damages against the defendant at $75," though formally liable to objection, is cured by our Statute of Amendments.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. N. MARTIN, and Mr. H. B. AMERLING, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of trespass, by the appellee against the appellant, for a personal assault.

Appellant filed two special pleas justifying the assault. The jury returned the following verdict: " We, the jury, find the

defendant guilty, and assess the damages against the defendant at $75." Motions for new trial and in arrest of judgment were made by appellant and overruled by the court, and judgment was thereupon rendered upon the verdict.

The only point relied upon as ground for reversal is, that the judgment is not responsive to the issues. We do not think the point well made. It is said, in Waterman on Trespass, Vol. 1, p. 110, § 122: "Technical nicety is not required in the verdict. A general finding of guilty, and judgment 'according to the verdict,' is sufficient." See, also, *Powers* v. *Davis*, 6 Ala. 9.

In *Wilderman et al.* v. *Sandusky*, 15 Ill. 60, trespass was brought against four persons of the name of Wilderman. The verdict was, " We, the jury, find the three defendants, Nancy Wilderman, Simon Wilderman and Garrison Wilderman, guilty, and assess the plaintiff's damages at thirty-five dollars," saying nothing as to the fourth defendant.

The court said: " In our opinion, the verdict was substantially good. It may properly be regarded as a finding on all of the issues; and the judgment may be considered as a final disposition of the whole case. The case as to all the defendants was submitted to the jury, and they found affirmatively that three of them were guilty. In legal contemplation, this amounted to a negative finding of not guilty as to the other defendant." The pleas, although admitting the assault, simply set up matter showing that the defendant was not guilty of the trespass wherewith he was charged, and had the finding on either of these been in his favor, the verdict would have necessarily been that he was not guilty. The finding being that he is guilty, includes, therefore, the determination that the issues on his pleas are found against him. *Hawks* v. *Croften*, 2 Burrows, 698; *Worford* v. *Isbel*, 1 Bibb, 247.

Formally, the verdict is, perhaps, liable to objection; but this is cured by our Statute of Amendments and Jeofails. *Davis* v. *The People*, 50 Ill. 199; *Matson et al.* v. *Connelly*, 24 id. 142.

The judgment is affirmed.                    *Judgment affirmed.*