# THE CITY OF LASALLE

## v.

# SARAH L. THORNDIKE

1. NEGLIGENCE—INSTRUCTION AS TO.—An instruction to the effect that even if the jury believe the plaintiff may have been guilty of slight negligence, yet if they believe the negligence of the defendant was gross in comparison, the plaintiff may recover for whatever injuries he may have sustained "by rea-

LaSalle v. Thorndike.

son of such gross negligence," etc., is erroneous, because it assumes that the defendant was guilty of gross negligence.

2. ERRONEOUS INSTRUCTION NOT CURED BY OTHERS WHICH ARE ACCURATE.—Sometimes, when the court can see that no injury can result from the giving of inaccurate instructions, and the series as a whole is correct, it will allow the judgment to stand; but not in a case where it cannot clearly see this.

3. EVIDENCE OF PECUNIARY CONDITION OF PLAINTIFF INADMISSIBLE.—Evidence of means of support and early struggles with poverty is not admissible on the part of the plaintiff in actions of this character. Damages can only be given for compensation for the injuries received.

4. CARE REQUIRED IN BEING CURED OF INJURY.—The only care required of a plaintiff in such actions in respect to being cured of the injuries received, is ordinary care and prudence in employing a skillful physician, such as an ordinarily reasonable, careful person would use under like circumstances.

ERROR to the Circuit Court of LaSalle county; The HON. FRANCIS GOODSPEED, Judge, presiding. Opinion filed December 4, 1880.

Messrs. DUNCAN & O'CONNOR, for plaintiff in error; that each instruction should be correct in itself, cited O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 256; Village of Warren v. Wright, 3 Bradwell, 602; C. & A. R. R. Co. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; Ill. Cent. R. R. Co. v. Maffit, 67 Ill. 431; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499.

Evidence of the business carried on by plaintiff, and her struggles to obtain a living, was inadmissible: Chicago v. Brennan, 65 Ill. 163; Grable v. Margrave, 3 Scam. 372.

This action is for compensation for injuries received, and if plaintiff relied upon special damage it should have been averred in the declaration: 1 Chitty's Pl. 441; Olmstead v. Burke, 25 Ill. 86; Adams v. Gardner, 78 Ill. 568; Baldwin v. Western R. R. Co. 4 Gray, 333; Sedgwick on Damages, 68.

Mr. R. D. McDONALD and Messrs. LELAND & GILBERT, for defendant in error; that where points in writing are filed in support of a motion for new trial, the party is confined to those points in the appellate court, cited O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

As to the degree of care required by a plaintiff in such cases, in respect of getting cured: Mount v. Hunter, 58 Ill. 246; Collins v. Council Bluffs, 32 Iowa, 324; Sauter v. N. Y. C. R. R. Co. 66 N. Y. 5.

LACEY, P. J. The defendant in error sued the plaintiff in error in an action on the case to recover damages caused, as she claims, by the negligence of the plaintiff in error, in not keeping the sidewalk in good repair, by reason of which the defendant in error in May, 1877, while passing along, tripped and fell into a hole in the sidewalk where one of the planks of the walk was broken, unfastened and removed, whereby she sprained and dislocated her ankle and foot, and injured her hips and side and other parts of her body, and was hindered in transacting her business affairs in support of her family, and that she spent money in getting herself cured, setting her damages at $10,000. The jury found the plaintiff in error guilty, and assessed defendant in error's damages at $2,500, on which judgment was rendered.

The principal errors assigned are that the court below erred in giving instruction, number three, and admitting improper evidence on the part of defendant in error.

It appears from the testimony, that the place where the injury occurred was on First street, in the city of LaSalle, in front of Nater's store, on the main traveled route between the two railroad depots, and from 100 to 150 feet from where the defendant in error resided. Defendant in error's witnesses testified that there was a hole under the boards three or four inches deep, which allowed the boards to spring down. It was in block No. 117, in which defendant in error's house is situate, near the center of the block. The boards of the sidewalk were not loose at the ends, but tight, and not warped in any direction. There was a board on either side of the broken board; the surface of those boards and the surface of the broken board formed an even surface, the boards lying side by side. The boards of the sidewalk were eight inches wide, by two inches thick. It was a dark night when the accident happened, so dark that one could not see the boards, or the outlines of

LaSalle v. Thorndike.

the sidewalk. The crack between the broken board and the one next to it was not larger than to admit the finger between them. The defendant in error was in the habit of passing over the sidewalk frequently. This is the evidence on the part of the defendant in error as to the condition of the sidewalk.

The evidence on the part of the plaintiff in error is, that the boards rested on the ground, and that the earth came up between them. The ground on either side from the top of the plank was not over an inch in depth. It was right up to the level of the plank where it was worn off. The witnesses did not regard the sidewalk dangerous to pass over, and there were no holes any one could get their foot in. A policeman swears that he had traveled over the sidewalk day and night, and had never noticed any holes in it; had the sidewalk been bad he would have noticed it. Other witnesses testify that the boards were worn, and rested on the ground. The sidewalk was solid and no spring to the ground.

The plaintiff in error defends against the action of the plaintiff, on the ground, among other causes, that they were not negligent in keeping the sidewalk in repair. That, in fact, it was in good repair, and not in a dangerous condition, and that they used ordinary care in keeping it in safe condition. The evidence was somewhat conflicting, and it became a fair question for the jury to determine whether the plaintiff in error was in fact negligent and failed in using ordinary care in discovering the defect in the sidewalk and in repairing it, if it needed repairs. Under the state of the evidence, the court should have accurately instructed the jury as to the duty of both parties, plaintiff in error as well as defendant in error. In instructing the jury on the application of the defendant in error, the court gave, among others, the following instruction: "Even if the jury find from the evidence that the plaintiff was guilty of negligence in attempting to walk over the sidewalk in question, yet if they further believe from the evidence that the plaintiff's negligence was slight, and that of the corporate authorities of the city of LaSalle was gross in comparison with each other, then such negligence on the part of the plaintiff cannot prevent her from recovering damages in this suit for

whatever injury she may have sustained by reason of such gross negligence on the part of said corporate authorities of LaSalle." Thus the court assumed in this instruction that the plaintiff in error had been guilty of negligence. The jury may have understood from this instruction that the plaintiff in error was guilty of negligence, as the court had assumed it, and for that reason failed to pass upon that question. It is, however, insisted by counsel for defendant in error, that inasmuch as the first and second instructions given in their behalf did contain the proper qualification that before recovery could be had the jury must believe from the evidence that plaintiff in error was guilty of negligence in not repairing the sidewalk, that that would cure the error, and also that the instructions numbers one, two and three should be construed together. We think this position in a case like this is not tenable. The instructions all stand as separate and independent propositions. The jury may have felt at liberty to adopt either as the law. Sometimes, when the court can see that no injury can result from the giving of erroneous or inaccurate instructions, and the series as a whole is correct, it will allow the judgment to stand; but not in a case where it cannot clearly see this. Chicago & Alton Railroad Co. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; Ill. Central R. R. Co. v. Maffit, 67 Ill. 431; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 439. The court erred in giving defendant in error's third instruction.

The court below also allowed the defendant in error to testify in her own behalf against the objection of plaintiff in error in regard to her previous history and condition; what kind of business she had done; her struggles with early poverty; how hard she had worked and toiled to make a living; how she started "on hardly a dollar in paper money; first bought a bushel and one-half of apples; started on that till she got a little common confectionery with it, and from her little savings out of that, she would go to the dry-goods stores, etc., and worked as hard as she could from early morn till late at night; took in sewing and tended to the store, and waited on her invalid husband at the same time," and considerable more of the same kind of evidence.

LaSalle v. Thorndike.

This evidence had no bearing on the issues involved in the case. It had a strong tendency to create sympathy in the minds of the jury, for certainly the picture she drew of herself would entitle her to sympathy. In a suit of this character, however, it was entirely out of place and erroneously admitted. The jury had no concern with it, for it enlightened no issue being tried by the jury. It could have no legitimate bearing on the question of damages, for damages could only be given for compensation for the injury received. City of Chicago v. O'Brennen, 65 Ill. 163.

Plaintiff in error objects to the modification by the court of its tenth, eleventh, twelfth, and thirteenth instructions. In answer to this, it is claimed that the bill of exceptions does not show that either of those instructions or the modification was given to the jury. We have examined the bill of exceptions, and find that as to the instructions themselves, the court was only asked to give them, but the bill does not show that the court gave them. But as to the modification, we think the fair construction of the bill of exceptions is that it was given. It says, "to the giving of which qualification to said tenth, eleventh, twelfth and thirteenth instructions, and to each of them, the defendant excepted." That is, the plaintiff in error excepted to the court "giving" it to the jury, so it must have been given to the jury. The substance of the modification was that if the jury believed from the evidence that the plaintiff employed a physician whom she believed, and had reason to believe, was a competent and skillful physician, and that she used ordinary and reasonable care to get herself cured, and to keep from having a permanent injury, then the fact that she might have been cured by a skillful physician if she could have been, would not excuse plaintiff in error from payment of damages, if any, for such permanent injuries. Now the only care that the defendant in error was bound to use in employing a skillful physician, and getting herself cured, was that ordinary care and prudence that an ordinarily reasonable, careful person would have used under like circumstances. The first part of the instruction needs a slight qualification to make it strictly accurate. If after the

words " yet if the jury find from the evidence that the plaintiff employed a physician whom she believed and had reason to believe was a competent and skillful physician," the court had added the words " and that an ordinarily prudent person under the circumstances would have employed the same physician," or any other words indicating that only ordinary and reasonable care in employing a physician was necessary, as well as being cured, then the modification would have been more accurate. T. W. & W. R'y Co. v. Eddy, 72 Ill. 138. But as it is, we do not see that this modification could have misled the jury.

For the errors above indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.