## CHARLES DAFT

### v.

## CHARLES W. DREW AND STANLEY FLEETWOOD.

*Fire Insurance—Policy—Premium—Practice—Verdict..*

1.   As to irregular and informal verdicts, the rule is, that if by looking into the record in a given case, the verdict therein can be seen to be responsive to the issue, it will be sustained.

2.   A verdict stating, " We, the jury, find the issue for the plaintiff," the fact being there were several plaintiffs, can not be complained of.

3.   Notwithstanding a clause in a fire insurance policy, setting forth that " this company shall not be liable until the actual payment of the premium," if the policy is actually delivered without payment, a presumption of a waiver of such clause, and the giving of a short credit for the premium, will arise.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. PERRY A. HULL, for appellant.

Mr. HENRY G. MILLER, for appellees.

WATERMAN, J.   This was an action to recover the amount paid for premiums upon certain policies of insurance issued to appellant.

The agent of appellees testified that in conjunction with appellant he examined appellant's stock, and made an estimate of its value and how much it could be insured for; that he showed this to appellant, who directed him to place the insurance; that about a week thereafter he delivered the policies at defendants' place of business; that with them he left a bill for the amount of the insurance and a memorandum addressed to Mr. Daft; that afterward he met appellant on the street and asked him about payment of the bill, and that appellant said that he supposed it had been paid, and that witness must punch up his, appellant's, son about the matter.

The premiums not being paid, notice was given that the policies were canceled for the unexpired term, and appellant's son delivered them to appellees. Appellees paid to the companies the full amount of the premiums for one year. The amount earned prior to cancellation was $112.40, and for this the court gave judgment.

Appellant testified that he never ordered the insurance, and never promised to pay for it. Two of the policies contained this clause:

" This company shall not be liable until the actual payment of the premium."

It has been repeatedly held that notwithstanding such clause, if policies are actually delivered, a presumption of a waiver of the clause and the giving of a short credit for the premium will arise. May on Insurance, 360. The premiums in this case were paid by appellees to the companies in accordance with their arrangement with such companies, and appellees gave to appellant a short credit for the amount he was to pay them. Appellees having paid to the companies the premiums, and themselves given to appellant a credit therefor, it is questionable if any right to cancel existed. Appellant, however, does not complain of the " cancellation;" his position is that he never ordered or accepted the insurance.

The verdict of the jury was warranted by the evidence, and we perceive no error in giving or refusing instructions. The form of the verdict as rendered was: " We, the jury, find the issues for the plaintiff and assess his damages at $112.40. This, it is said, was not responsive to the issue, and not sufficient to warrant the judgment in favor of the plaintiffs.

As to irregular and informal verdicts, the rule is, that if by looking into the record the verdict can be seen to be responsive, it will be sustained.

Looking into the record, it appears that there were two parties plaintiff.

There is no uncertainty about this verdict; it finds the issues for the plaintiff and assesses the damages at $112.40. Smith v. Johnson, 3 Texas, 418; Matson v. Connelly, 24 Ill. 142; Alwood v. Mansfield, 33 Ill. 452; Brown v. Keller, 38

Ill. 63; Phelps v. Reeder, 39 Ill. 172; Bates v. Williams, 43, Ill. 494; Rearden v. Smith, 36 Ill. 204; Hamm v. Culvey, 84 Ill. 56.

The defendant was in no wise prejudiced by the informality in the verdict, nor by the entry of judgment thereon, and the judgment is affirmed.

*Judgment affirmed.*