## Hartford Deposit Co. v. Oliver Sollitt.

1. INSTRUCTIONS—*To be Considered as a Series.*—All the instructions given in a case, on both sides are to be considered as a single series.

2. SAME—*When a Party Can Not Complain.*—A defendant can not complain of an instruction given for the plaintiff when he asks and procures to be given one of the same kind himself.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

BURNHAM & BALDWIN, attorneys for appellant.

THOMAS BATES and SEYMOUR EDGERTON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is in the class of cases in which, if the plaintiff can get by the court to the jury, he is sure of success, and in which a reviewing court feels that the consideration of any questions presented by the record—not going to the ultimate right of the plaintiff to recover, nor to the extent of the damages—" is vanity and vexation of spirit."

The appellee was a passenger in an elevator in an office building of the appellant, and in which building appellee was tenant. The elevator fell and he sustained injury, for which he sued the appellant and recovered $4,000. On this record we may not say that the amount is more thin adequate compensation for the severe and permanent injury.

The declaration contained two counts. By the first it charged that through the carelessness, negligence and unskillfulness of the defendant and its servant, the elevator slipped in the shaft in which it ran and fell from the eighth floor to the ground floor. The second count charged that the defendant did not use due and proper care that the plaintiff should be safely carried, and did not have all the

most improved and proper appliances attached to prevent the too rapid fall of the elevator, and did not have said appliances in good and proper order and condition for performing their work.

The first complaint of the appellant is shown by the brief as follows:

"In submitting the case to the jury, plaintiff's counsel asked, and the court gave to the jury, the following instruction:

'The court instructs the jury that if they believe from all the evidence in this case that the plaintiff, on or about the 19th day of May, 1893, was rightfully in an elevator in the possession of and operated by the defendant, and situated in the defendant's building, for the purpose of being carried thereby from one of the upper floors of the defendant's said building to the ground floor thereof; and if you further believe from the evidence that while the plaintiff was so in said elevator and in the exercise of reasonable and ordinary care on his part, said elevator, owing to the negligent and faulty construction thereof, or owing to the negligence and carelessness on the part of the servant of the defendant in operating the same, fell; and if you further believe from the evidence that the injury to the plaintiff complained of was caused by such fall of said elevator, then your verdict should be for the plaintiff.'

This instruction was not justified or proper under the pleadings. It was too broad, and it directed the attention of the jury to an issue not involved in the case. The declaration does not allege negligent and faulty construction; it is confined to charges of negligent operation and failure to have the most approved safety appliances, or to keep them in good order. Neither of these grounds can warrant a general charge of negligent construction."

When the appellee put in his case, he confined himself wholly to what occurred at the time of the fall, with nothing relating to the construction of the elevator or any of its appurtenances. His evidence was only such as was intended to prove the first count.

Then the appellant went into evidence showing the construction, in part, of the elevator; why it fell, and the means provided for arresting its fall in case of accident.

The elevator was operated by water pressure—maximum 750 pounds to the square inch when the elevator goes up, forty per cent less going down, as it was at the time of the accident.

To the cylinder the water was admitted through an one and one-half inch pipe which burst, letting the water run out, without control, as fast as it could under the pressure, through a five-eighth inch hole in a washer where the pipe was attached to the cylinder.

There were dogs intended to catch hold of guide posts in case the elevator was descending too fast, and stop it, not suddenly, but sliding " along a little distance and bring the car to rest."

The elevator started to descend very rapidly from the eighth floor, and to fall at the fourth, and was stopped only about four feet from the bottom.

The evidence thereafter put in by the appellee with reference to the elevator was substantially, if not literally, in reply, and at the instance of the appellant the jury was instructed—

" The jury are instructed that before the plaintiff can recover any damages in this case against the defendant, he must show by a preponderance of the evidence that the said defendant was guilty of negligence as charged in the declaration, and that the plaintiff was injured in consequence of such negligence on the part of said defendant, and not by reason of any latent defect in any part of the said elevator or appurtenances, which latent defect was unknown to the said defendant, and could not have been discovered by it upon careful examination or by the application by competent persons of the proper and usual tests for that purpose."

It is hardly necessary to apply the doctrine that all of the instructions, on both sides are to be considered as a series. Wenona Coal Co. v. Holmquist, 152 Ill. 581; City of Roodhouse v. Christian, 158 Ill. 137.

The defect in the pipe was latent—admit that, and there remains the fact that devices contrived and intended to prevent the disastrous consequences of defects were not in condition to do the work assigned to them; and there is no ground to claim that in them defects were latent—not discovable by inspection. So the instruction could have done no harm. If the accident did, or did not, have its origin in the cause charged in the first count, its result was the consequence of what is charged in the second.

The residue of the appellant's brief presents matters less serious, as to which its counsel will doubtless agree, that if we are right in what we have said, we are not wrong in saying there is no error in them.

The judgment is affirmed.