## West Chicago St. R. R. Co. et al. v. John W. Horne.

1. INSTRUCTIONS—*As to Joint Wrongdoers.*—An instruction stating that " For joint wrongs by two or more wrongdoers, each must assume and bear the responsibility of the misconduct of all—the law permits the injured party to treat all concerned in the injury as constituting together one party, by their joint co-operation accomplishing certain injurious results, and liable to respond to him in a gross sum as damages," is not misleading.

2. SAME—*When Properly Refused.*—In action for negligence against

two or more defendants an instruction which tells the jury, in effect, that unless both of the defendants were guilty of negligence, there can be no recovery against either, is properly refused.

3. PASSENGERS—*Bound to Exercise Ordinary Care Only.*—A passenger is bound to exercise ordinary care only, for his personal safety, and not to do any possible thing, which, in the exercise of ordinary care, does not occur to him or seem feasible.

4. VERDICTS—*The Rule, When Informal.*—The rule, when a verdict is irregular and informal, is, that if, by looking into the record it can be seen to be responsive, it will be sustained.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

This was an action on the case by John W. Horne against the West Chicago Street Railroad Company and the Chicago Union Traction Company to recover damages for personal injuries alleged to have been received by the plaintiff while a passenger in a car operated by the Chicago Union Traction Company as lessee of the West Chicago Street Railroad Company, which latter company owned the car, franchise and track.

The declaration alleged that the defendants were in possession and in operation of a certain line of street railway and a certain train of cable cars running thereon; that the plaintiff was a passenger on said train of cars, riding on the grip-car; and that the defendants so carelessly, negligently and improperly drove and managed said grip-car that it ran into and struck against a certain wagon, whereby the plaintiff was struck with great force and violence by the collision with said wagon, and injured. The defendants pleaded separately, each filing the general issue.

The plaintiff obtained a verdict finding "the defendant" guilty and assessing the plaintiff's damages at the sum of $3,000. Upon this verdict judgment was rendered in favor of the plaintiff and against both the defendants for $3,000. Both defendants appealed.

JOHN A. ROSE and LOUIS BOISOT, Jr., attorneys for appellants.

West Chicago St. R. R. Co. v. Horne.

GEORGE C. MASTIN and CHARLES R. WHITMAN, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is urged that the court erred in giving the following instruction:

"For joint wrongs by two or more wrongdoers each must assume and bear the responsibility of the misconduct of all. The law permits the injured party to treat all concerned in the injury as constituting together one party, by their joint co-operation accomplishing certain injurious results, and liable to respond to him in a gross sum as damages."

It is contended that the instruction is not in accordance with the law and that it was misleading. We do not consider it as misleading. If there had been a defendant who had been concerned in the injury merely as a fellow-passenger, and who had been by the motion of the car thrown violently against the plaintiff, thereby injuring him, the instruction might have misled. In this case it could not mislead.

The jury must be presumed to have been composed of men such as the statute prescribes: "In possession of their natural faculties; not infirm nor decrepit; of sound judgment, well informed, and who understand the English language;" such jurors would not have understood the words "gross sum" to have meant, as counsel argue, quoting from the Standard Dictionary, "Conspicuous by reason of size;" or "openness; glaring; flagrant;" "undiminished by reduction; entire;" "big; bulky;" "not specific or detailed; general." Nor the following, to be found in the Century Dictionary: "Thick; dense; not attenuated; not refined or pure; as, a gross medium; gross air; gross elements." "Not acute or sensitive in perception, apprehension or feeling; stupid; dull." They doubtless understood it as used by Cooley in his work on Torts, p. 133, 2d Ed.

Nor was there error in giving the following instruction:

"The court instructs the jury that if they shall find from the evidence that the injury to the plaintiff, if any, resulted from a collision brought about through the con-

curring negligence of the driver of the wagon and of the gripman of the car, and that the plaintiff was at the time of the injury exercising ordinary care for his own safety, then the defendant companies may be held liable to the plaintiff for all the damages which he has sustained, if any, as shown by the evidence through the collision of the car and the wagon."

The instruction does not assume that the gripman was negligent.

In La Salle v. Thorndike, 7 Ill. App. 282, cited by appellants, there was an assumption of negligence in an instruction; the language being, in effect, "if you believe from the evidence that the negligence of the city was gross."

In Sugar Creek Mining Co. v. Peterson, 177 Ill. 324–327, an instruction, in effect, told the jury that if the defendant "had notice that the room in which the plaintiff worked was in an unsafe condition, then the jury should find the defendant guilty;" thus omitting not only the essential element that the room was in an unsafe condition, but that the defendant was negligent.

In Meyer v. Meyer, 86 Ill. App. 417–422, an instruction, in effect, told the jury that if a servant is ordered to do extra hazardous work, not incident to his employment, and is injured while in the exercise of ordinary care, "then he may recover," thus omitting the crucial point of negligence by the employer.

It does not seem to have occurred to counsel for appellee in that case to urge that the instruction meant only "that he may recover" from the injury.

They doubtless thought that the jury were, as the statute requires, men "well informed and who understand the English language."

In the case of Elwood v. Chicago City Railway Co., 90 Ill. App. 397–400, an instruction was given that if the jury found from the evidence "that the plaintiff, by the use of due care, caution and negligence on her part could have done anything which would have prevented the accident and injury in question, then she can not recover, and your verdict should be not guilty."

West Chicago St. R. R. Co. v. Horne.

Such is not the law. The plaintiff in that case was a passenger, and bound only to exercise ordinary care for her safety; not to do any possible thing which, in the exercise of ordinary care, did not occur to her or seem feasible. In the present case, the jury were plainly told in the ninth instruction that the plaintiff could recover only upon proof of the negligence alleged in the declaration; it was unnecessary to repeat this in the third.

The twenty-second instruction, asked by the defendants, was properly refused, because it told the jury, in effect, that unless both of the defendants were negligent, there could be no recovery against either.

Instructions are to be considered as a series, and to be regarded as a whole. Hartford Deposit Co. v. Sollitt, 70 Ill. App. 166; City of Lanark v. Dougherty, 153 Ill. 163; Day v. Porter, 161 Id. 235; McCommon v. McCommon, 151 Id. 428; Wenona Coal Co. v. Holmquist, 152 Id. 581; Catholic Order of Foresters v. Fitz, 181 Ill. 206–208.

In the present case, the plaintiff was injured while riding as a passenger on the defendants' road; the evidence was such that there could not well be a verdict other than for the plaintiff, and against the defendants.

The verdict read: "We, the jury, find the defendant guilty." Neither of the defendants objected to this or asked to have the jury sent back to amend or make more specific or certain their verdict. Each of the defendants contented itself with moving for a new trial, and afterward in arrest.

In Daft v. Frew, 40 Ill. App. 266, there were two plaintiffs. The form of the verdict was: We, the jury, find the issues for the plaintiff and assess his damages at $112.40. Judgment was entered thereon and affirmed, the court saying:

"As to irregular and informal verdicts, the rule is, that if, by looking into the record, the verdict can be seen to be responsive, it will be sustained. Looking into the record, it appears that there were two parties plaintiff. There is no uncertainty about this verdict; it finds the issues for the plaintiff and assesses the damages at $112.40. Smith

v. Johnson, 3 Texas, 418; Matson v. Connelly, 24 Ill. 142; Alwood v. Mansfield, 33 Ill. 452; Brown v. Keller, 38 Ill. 63; Phelps v. Reeder, 39 Ill. 172; Bates v. Williams, 43 Ill. 494; Reardon v. Smith, 36 Ill. 204; Hamm v. Culvey, 84 Ill. 55. The defendant was in nowise prejudiced by the informality in the verdict, nor by the entry of judgment thereon, and the judgment is affirmed."

The same ruling was made in Bacon v. Scheplin, 185 Ill. 123, 131–132, the Supreme Court in the last mentioned case quoting and approving the excerpt from the opinion of this court given above. See also Kirk v. Senzig, 79 Ill. App. 251, and The Italian Agricultural Colony v. Pease, 194 Ill. 98.

Finding no error requiring a reversal of the judgment in this case, it is affirmed.