## THE TOWN OF GRAYVILLE

*v.*

## WILLIAM F. WHITAKER.

1. MUNICIPAL CORPORATION—*duty as to bridges.* It is not the law, that it is always the duty of a municipal corporation, such as an incorporated town, to make bridges in its streets absolutely *secure,* or to fully protect the public from injury. It is the duty of such corporation, in such cases, to exercise ordinary prudence to accomplish such results. The failure to use every device that will make such a bridge more safe, ought not to be declared by the court, as a matter of law, to be gross negligence. What is required by ordinary prudence, should be submitted to the jury as a matter of fact.

2. CONTRIBUTORY NEGLIGENCE — *injury from defective bridge.* If a municipal corporation is guilty of a want of ordinary care, in making a bridge in its streets secure from danger, but not of gross negligence, in order to entitle a party, injured by falling off the same, to recover, he must show that he did not, through a want of ordinary care, contribute to the injury.

3. But if the jury should find, from the evidence, that the failure of the corporation to guard the bridge by railing, or otherwise, was such as to constitute gross negligence, then the party injured in consequence thereof need not show that he was entirely free from negligence contributory to the injury, but he may recover, if his negligence was slight in comparison with the supposed gross negligence of the corporation.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. JAMES McCARTNEY, and Messrs. PARTRIDGE & PARKER, for the appellant.

Messrs. CROSS & CONGER, and Messrs. McDOWELL & McCLINTOCK, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action, by appellee against appellant, for damages for an injury to the person of appellee, caused, as is alleged, by the negligence of appellant, in failing to construct and maintain a railing along the side of a bridge, situate in one of its streets.

Proof in the case tends to show that the bridge was in a part of the street not in the most frequented part of the village, that the bridge had no railing on either side, and that, at the place where appellee fell, the bridge was some eight feet above the ground. He was, at the time, traveling on foot, in the night time, when it was very dark, and was well acquainted with the condition of the bridge.

The court instructed the jury that, "If  *  *  *  the bridge  *  *  *  was within the corporate limits of the town of Grayville, and under its care, jurisdiction and control, and  *  *  * was used by the public as a crossing for foot passengers, it was the duty of said town of Grayville to make it *secure* and *fully protect* the public from injury thereby, by erecting suitable and sufficient railings, guards or barriers to prevent accidents from walking off of said bridge, under *any circumstances*, to persons passing over said bridge; and if  *  *  *  the said town of Grayville failed to make said bridge safe, by suitable and sufficient railings, guards or barriers as aforesaid, and, in consequence of such failure, the plaintiff fell off said bridge, while attempting to cross the same, and while using reasonable care, and was thereby injured, he would be entitled to recover," etc.

In another instruction, the jury were told, that "If *  *  * the defendant erected, within its corporate limits, a bridge,  *  *  *  and if, because said bridge had no railings or guards of any kind, it was thereby more dangerous than it would have been had railings or guards been placed there, and if persons were frequently passing over it, that then defendant was guilty of *gross negligence*," etc.

The court erred in giving each of these instructions. It is not the law, as stated in the instruction first above quoted, that it is always the duty of a municipal corporation of this kind to make such bridges absolutely *secure*, or to *fully protect* the public from injury. It is the duty of such corporation, in such cases, to exercise ordinary prudence to accomplish such results. Nor can the failure to use every device which would render the bridge more safe than it was, be declared by the court, as a matter of law, to be gross negligence. What is required by ordinary prudence depends upon so many considerations, that no iron rule can be laid down on the subject, and should be submitted, as a question of fact, to the jury.

In this case, it should have been left to the jury to determine, from all the testimony given, whether the corporation has failed to exercise ordinary prudence in not guarding the bridge by railings or otherwise. If not, there can be no recovery. If the corporation was guilty, in this respect, of a want of ordinary care, but not guilty of gross negligence, in such case, the plaintiff, to entitle him to recover, must show that he did not, through a want of ordinary care, contribute to the injury, and this the jury must determine from all the evidence. If the jury, from all the evidence, should find that the failure of the corporation, in the respect mentioned, was such that its neglect constituted gross negligence, then the plaintiff, to recover, need not show that he was entirely free from negligence contributory to the injury, but to entitle him to recover, *in such case*, it is sufficient for him to show that his negligence, if any, was slight in comparison with the supposed gross negligence of the corporation.

For the errors mentioned, the judgment must be reversed and the cause remanded for a new trial in conformity to the views herein expressed.

*Judgment reversed.*