JOSEPH HIRTH

*v.*

B. M. LYNCH.

*Filed at Mt. Vernon October 2, 1880.*

| | |
|---|---|
| 96 | 409 |
| 62a | 114 |
| 96 | 409 |
| 64a | 521 |
| 96 | 409 |
| 174 | 50 |
| 96 | 409 |
| 181 | 208 |
| 96 | 409 |
| 99a | 652 |
| 96 | 409 |
| 108a | 167 |

1. VERDICT—*its requisites.* A verdict simply finding for the plaintiff, without finding the amount of debt or damages, is too imperfect to form a foundation for a judgment for a given amount in favor of the plaintiff.

2. BILL OF EXCEPTIONS—*prevails over recitals in record.* Where the recitals of the record of proceedings, as made up by the clerk, and the statements in the bill of exceptions, duly signed and sealed by the judge, are not in harmony, the real truth will be taken to be as stated in the bill of exceptions.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Lynch prosecuted before the county court a claim against the estate of one Fitzpatrick, deceased, of which Hirth was administrator. The claim was allowed by the county court, and Hirth, as administrator, appealed to the circuit court. The case was there tried before a jury and a verdict returned in the following words, as shown by the bill of exceptions:

B. M. LYNCH *v.* ESTATE OF JAMES FITZPATRICK.
*Belleville, Ill., July 3, 1876.*
We, the jury in the above case, find for plaintiff.
W. E. OWENS, Foreman.

On this verdict the circuit court rendered judgment for the claimant, against the administrator, for $584.88, etc.

From this judgment Hirth appealed to this court, and the appeal was consummated before July 1, 1877.

Messrs. BOWMAN & HALBERT, for the appellant:

The verdict wants the essential element of certainty as to the amount of damages to be recovered. None are named, even informally, so as to bring the verdict under the curative provisions of the statute of Amendments. It is not sufficient to form the basis of the judgment rendered. *Hampton* v. *Watterston,* 14 La. Ann. 239.

Mr. S. M. KASE, for the appellee.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

The judgment is not warranted by the verdict. The damages must be assessed, or the amount of the debt found, by the jury. The verdict was altogether too imperfect to form a foundation for a judgment for the amount named in the judgment in this record.

It is true, the clerk, in making up the record of the proceedings, makes the same say the verdict was, " We, the jury, find for the plaintiff and assess his damages at $584.88." The record, however, contains a bill of exceptions, signed and sealed by the circuit judge, in which the language of the verdict is given *verbatim,* and it, as there stated, contains no assessment of damages, or other finding of the amount due. Where the recitals of the record of proceedings, as made up by the clerk, and the statements of a bill of exceptions, duly signed and sealed by the judge, are not in harmony, we must take the real truth to be as stated by the bill of exceptions.

The judgment of the Circuit Court must be reversed, and the cause remanded for another trial on the merits.

*Judgment reversed.*