THE VILLAGE OF SHERIDAN

*v.*

TIMOTHY HIBBARD.

*Filed at Ottawa January 25, 1887.*

1. NEGLIGENCE—*measure of damages—in action to recover for personal injury occasioned by negligence of the defendant.* In an action against an incorporated village to recover for a personal injury caused by a defective sidewalk, the court, in substance, instructed the jury, that if they found the defendant guilty, the plaintiff would be entitled to recover for any pain and anguish which he had suffered, or would thereafter suffer, in consequence of the injury; for any and all damages to his person, permanent or otherwise, occasioned by such injury; for loss of time, if any, caused by the injury; for expenses incurred in a reasonable effort to effect the cure of such injury; and, generally, to recover all damages alleged in the declaration which they believed, from the evidence, he had sustained by the injury: *Held,* that as an instruction in regard to the measure of damages it was substantially correct, and that it was not open to the objection that it allowed the jury to give damages although the plaintiff had failed to exercise due care.

2. SAME—*of an instruction in such case—of its proper elements.* An instruction as to the plaintiff's right to recover for personal injuries resulting from the alleged negligence of the defendant, should include the hypothesis of ordinary care on the part of the plaintiff to avoid the injury.

3. But when the instruction relates solely to the measure of damages, and the elements thereof, in the event the defendant is found guilty, it need not refer to the care exercised by the plaintiff, nor need it include the hypothesis that the plaintiff used due care and prudence in his efforts to be cured of his injuries, that being a matter in mitigation of damages, and the proper subject of an instruction for the defendant.

4. INSTRUCTION—*need not contain every element essential to a recovery or defence.* It is not necessary that every instruction asked, without regard to its office or purpose, should have embodied in it every fact or element essential to sustain the action, or that it should negative matters of defence.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of La Salle county; the Hon. GEO. W. STIPP, Judge, presiding.

Mr. D. B. SNOW, and Messrs. MAYO & WIDMER, for the appellant:

If the plaintiff, by the exercise of ordinary care and the use of reasonable means, might have prevented the injury from becoming permanent, he is entitled to recover nothing for pain and anguish hereafter, or on account of the injury to his person having become permanent, if it is now incurable. It is the duty of a person to use ordinary and reasonable care and means to prevent an injury, and the consequences of it, and he can only recover damages for such losses as could not, by such care and means, have been avoided. In either case he can not recover for the loss sustained by his own fault. Field on Law of Damages, p. 130, secs. 126-131; *Railroad Co.* v. *Finnigan,* 21 Ill. 646; *Railway Co.* v. *Pindar,* 53 id. 447; *Railroad Co.* v. *Pennell,* 94 id. 448; *Railway Co.* v. *Eddy,* 72 id. 138.

The rule is firmly established by this court, that when there is evidence tending to prove some fact which, if proven, would defeat a plaintiff's right to recover, an instruction predicating a right of recovery under circumstances recited in it, if proven, but which ignores the evidence tending to establish the fact that would defeat the right to recover, is erroneous; and where the evidence as to the fact ignored is close or conflicting, the error will not be cured, even though other instructions on the same subject are given which are accurate. This rule was applied in the following cases, and many others that might be cited: *Railroad Co.* v. *Hetherington,* 83 Ill. 510; *Railroad Co.* v. *Sykes,* 96 id. 162; *Railway Co.* v. *Henks,* 91 id. 406; *Linen Co.* v. *Hough,* id. 63; *Railroad Co.* v. *Dimick,* 96 id. 42; *Moore* v. *Wright,* 90 id. 470; *Evans* v. *George,* 80 id. 51; *Cushman* v. *Cogswell,* 86 id. 62; *Provision Co.* v. *Tilton,* 87 id. 547; *Pennsylvania Co.* v. *Stoelke,* 104 id. 201; *Railway Co.* v. *Rector,* id. 296.

Messrs. BLAKE & MOLONEY, for the appellee:

There are several conclusive answers to the objections urged against plaintiff's fifth instruction:

*First*—We do not believe it is the law, that in a case like this the plaintiff is affirmatively bound to call, through an instruction of this kind on the measure of damages, the jury's attention to the fact whether he used due diligence to get cured of his injury.

*Second*—This instruction logically calls the jury's attention to the fact that appellee will only be entitled to recover for "any pain and anguish which he has suffered, or will hereafter suffer, in consequence of said injury,"—not that he will be entitled to recover for any misconduct of his own, either before, at the time, or after receiving the injury, but that he will be entitled to such damages as the jury, in their judgment, from the evidence, may see fit to give him for pain or anguish, or permanent ills, consequent on or occasioned by said injury. It certainly necessarily excludes all idea of receiving any damages arising from his own misconduct or want of care in getting cured.

*Third*—The evidence on which said instruction was based is so conclusive that we deem the efforts of counsel to distort it to suit their purposes, as little less than trifling with this court.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellee, Timothy Hibbard, recovered a judgment of $3500, in the circuit court of La Salle county, against the village of Sheridan, for alleged negligence in suffering one of its sidewalks to become out of repair, by reason whereof the plaintiff was caused to stumble and fall thereon, whereby he was seriously injured. This judgment was affirmed by the Appellate Court for the Second District, and the defendant appealed to this court.

All of the alleged errors relied on for a reversal which this court is permitted to consider, arise on the plaintiff's fifth instruction, which is as follows:

"If the jury find the defendant guilty, then they should assess the plaintiff's damages. If the jury find the defendant guilty, the plaintiff will be entitled to recover for any pain and anguish which he has suffered, or will hereafter suffer, in consequence of said injury; for any and all damages to his person, permanent or otherwise, occasioned by said injury; for loss of time, if any be proved, occasioned by said injury; for expenses incurred in a reasonable effort to effect the cure of said injury, provided the jury believe, from the evidence, that the plaintiff has been damaged in the regards aforesaid; and, generally, the plaintiff will, if the jury find the defendant guilty, be entitled to recover all damages alleged in the declaration which they may believe, from the evidence, he has sustained by reason of said injury."

We do not think any of the objections taken to this instruction are well founded. The chief objection, expressed in a few words, as we understand it, is, that it does not contain the hypothesis of due care on the part of the plaintiff at the time the injury occurred, or in his subsequent conduct, with a view to a recovery. Counsel, in their criticism, seem, as not unfrequently happens, to lose sight of the object and purpose of the instruction. It is an error to suppose that every instruction asked by a plaintiff must, without regard to the office or purpose it is intended to subserve, have embodied in it every fact or element essential to sustain the plaintiff's action, nor is it necessary to negative matters of mere defence. It is manifest the instruction in question was not intended, nor does it assume, to enlighten the jury upon the facts necessary to be proved by the plaintiff, in order to recover. An instruction asked for such purpose should, of course, include the hypothesis of ordinary care to avoid the injury complained of. The sole purpose of the instruction was to tell the jury

what the elements of damages were, and which should be taken into consideration by them, in the event they found the defendant guilty, and for this purpose we think the instruction was substantially correct. So far as the duty of the plaintiff to exercise due care and prudence in his efforts to be cured of the injuries received by him is concerned, that was purely a matter tending to mitigate the damages, only, and if the defendant desired instructions on that question, it should have asked them.

It is further urged, that the instruction is erroneous because it authorizes the jury to assess and allow the plaintiff all such damages as were occasioned or sustained by reason of the injury. It is, in effect, claimed, that the jury would be authorized, under such a charge, to allow the plaintiff damages on account of the injury, although the plaintiff himself had failed to exercise ordinary care. This claim is not well founded. Indeed, there is really no force in it. By the very terms of the instruction the jury are not authorized to make any application of it at all unless they found the defendant guilty, and this they could not do, under the other instructions given them, without first finding as a fact that the plaintiff was exercising due care when the injury was received. This is fully shown by the following paragraph in plaintiff's first instruction, which was given to the jury: "Ordinary care, *which both plaintiff and defendant* were bound to exercise in this case, is such care as reasonably prudent men would generally exercise under like circumstances, and the *want of such care is negligence.*" If the defendant wanted anything more explicit on the subject given to the jury, it was its duty to ask the court for additional instructions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*