THE VILLAGE OF MANSFIELD

*v.*

LOVINA J. MOORE.

*Filed at Springfield March 28, 1888.*

1.  MUNICIPAL CORPORATION—*sidewalks—duty to keep same in repair, though on private ground.*  Where the corporate authorities of a village build a sidewalk within the village limits, and treat the same as a public sidewalk, and allow its use as such, the village will be liable for damages for an injury resulting to a party from its neglect to keep the sidewalk in proper repair, although it may turn out that the sidewalk, at the place of the injury, is in fact on private property.

2.  Where village authorities assume to perform the same duty in respect to a sidewalk, which is upon private property, as though it was a part of one of the streets, they will be bound to use the same degree of vigilance as they exercise in reference to other sidewalks within the corporate limits.

3.  NEGLIGENCE—*of the care required of the person injured,*  Where a plaintiff has observed ordinary care, he has, even if slightly negligent, observed all the care the law requires of him; and if he is injured by the negligence of another, that other will be held guilty of that degree of negligence for which the law charges responsibility.

4.  So where, on the trial of an action to recover damages resulting from a defective sidewalk in a village, the court instructed the jury that the village would be liable to the plaintiff for negligence in the construction or maintenance of said walks, if by reason of such negligence the plaintiff was injured while exercising ordinary care in passing over such walk, it was *held,* that, so far as the question of negligence was concerned, the instruction was not erroneous, and that the failure to mention the subject of notice was not prejudicial to the defendant, when the necessity of notice was clearly stated in other instructions.

5. SAME—*degree of care as to sidewalks.* Cities and villages are only required to keep their sidewalks in a reasonably safe condition, and can only be held responsible for the failure to exercise ordinary care and prudence in that regard. An instruction which speaks of the duty of the village to "keep in repair the sidewalks," is not erroneous because not qualified by the word "reasonable," especially when the other instructions show the duty to keep the walks in "a reasonably safe" condition or state of repair.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Piatt county; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. LODGE & HUSTON, for the plaintiff in error:

The first of plaintiff's instructions tells the jury that the village is liable, though the walk was wholly on the Indianapolis, Bloomington and Western railroad land, and not in the street, and there is no evidence of that company's consent to the walk on its land. It also holds the village liable for any degree of negligence, ever so slight, and ignores the question of notice entirely, which is clearly not the law.

The fifth instruction was specially bad. It told the jury, without any limitation, that it was the duty of the defendant to maintain and keep in repair its sidewalks, and if they believed the plaintiff was injured by reason of the walk being out of repairs, to find for the plaintiff. All these instructions were erroneous. *Chicago* v. *Bixby*, 84 Ill. 82; *Grayville* v. *Whitaker*, 85 id. 439; *Chicago* v. *McGiven*, 78 id. 347; *Chicago* v. *Watson*, 6 Bradw. 344; *Macomb* v. *Smithers*, id. 470; *Joliet* v. *Walker*, 7 id. 267; *Chicago* v. *McCulloch*, 10 id. 459; *Owen* v. *Chicago*, id. 465.

The second refused instruction should have been given. It presents the law as laid down by this court and the Supreme Court in many cases, and would probably have controlled the verdict, had it been given. *Chicago* v. *McCarthy*, 75 Ill. 602; *Joliet* v. *Walker*, 7 Bradw. 267.

It will not do to say the errors in the instructions are cured by those given for the defendant. It is a dangerous practice

to give erroneous instructions for a plaintiff, and rely on the defendant's instructions to correct or modify them. *Railway Co.* v. *Rector*, 104 Ill. 296; *Railway Co.* v. *Shacklett*, 105 id. 364; *Railroad Co.* v. *Moffitt*, 67 id. 431; *Insurance Co.* v. *Crawford*, 89 id. 62; *Wabash County* v. *Hanks*, 91 id. 406; *Manufacturing Co.* v. *Pehe*, 12 Bradw. 506.

Mr. THOMAS J. SMITH, and Mr. S. R. REED, for the defendant in error:

There is no exception to the rule, that when a city exercises control over a street or sidewalk, then the city would be liable for negligence in keeping it in repair, or in its construction. *City of Champaign* v. *Patterson*, 50 Ill. 61; *Lafayette* v. *Larson*, 73 Ind. 367; *Gridley* v. *City of Bloomington*, 68 Ill. 47.

A sidewalk is a part of the street, and the establishment of a sidewalk is an act of the city. *City of Bloomington* v. *Bay*, 42 Ill. 503.

In *Gridley* v. *City of Bloomington*, 68 Ill. 47, Justice Scholfield, in delivering the opinion of the court, used these words, to-wit: "The general rule is, that the occupant, and not the owner, as such, is responsible for injuries received in consequence of a failure to keep the premises in *repair*," and that learned judge cites *Cheatham* v. *Hampsen*, 4 Durn. & East, 318, and other cases.

As to the correctness of the fifth instruction, see *McCombs* v. *Town Council of Akron*, 15 D. 475; *Delgen* v. *St. Paul*, 14 Fed. Rep. 567, (U. S. Dig. 593;) *Hiller* v. *Sharon Springs*, 28 Humph. 344; *Selma* v. *Perkins*, 68 Ala. 145; *Thomas* v. *Brooklin*, 58 Iowa, 438.

The language of all the courts seem to be to the effect, that if the street or walk is under the control and management of the corporation, it having taken charge, and adopted it as a street or sidewalk, then the corporation is liable for negligence in its construction or state of repair which causes injury to

persons in the use of due care, to which proposition see *Reinhard* v. *Mayor*, 2 Daly, 243 ; *Phelps* v. *Mankato*, 23 Minn. 276.

The defendant village in this case is estopped from denying that the sidewalk in question is a legal sidewalk of the village. A town which, by its officers, expends upon a road the means provided by law to make and improve highways, in order to make them safe for traveling, proclaims to the world that such road is one of its public highways, and is thereby estopped from denying it to be so, in an action for the recovery of damages for injuries sustained through the neglect of its officers to keep such highway in repair. *Codner* v. *Town of Bradford,* 3 Chand. 291 ; *Norton* v. *Kearny,* 10 Wis. 443.

. The doctrine of *estoppel in pais* is applicable to municipal corporations. *Board of Supervisors* v. *City of Lincoln,* 81 Ill. 156 ; *Martel* v. *City of East St. Louis,* 94 id. 67.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of trespass on the case brought in the circuit court of Piatt county by Lovina J. Moore against the village of Mansfield to recover damages for an injury alleged to have been received by the plaintiff by reason of a defective sidewalk. The cause was tried before a jury, who returned a verdict in favor of the plaintiff; motion for new trial was overruled, and a judgment rendered on the verdict, which has been affirmed by the Appellate Court. From the latter court the case is brought before us by writ of error.

The sidewalk, where the injury occurred, lies between a public highway or street of the village on the north and the track of the Indianapolis, Bloomington and Western railroad on the south. It runs westward from the business part of the village to the platform of the railroad depot and is the main walk or passageway for persons going from the depot to the village and from the village to the depot.

It is admitted that the sidewalk in question is built upon a part of the right of way of the railroad company, which lies

just south of the public highway or street already mentioned. All the facts are settled by the judgment of the Appellate Court.

The main question of law, presented by the record, arises upon the first instruction given for the plaintiff, and is whether the village is relieved of liability for the accident by reason of the fact that the sidewalk was upon the right of way of the railroad and was not a part of the street.

The proof is undisputed that the sidewalk was within the corporate limits of the village and was built and established by the village officers, and that they assumed control of it and undertook to keep it in repair. The burden of the defence made by the village was that its officers had done their duty both in properly constructing the sidewalk and in keeping it in proper condition for use. The corporate authorities treated it as a public sidewalk, took charge of it as such and permitted the inhabitants to make use of it as such. There is no evidence, that the railroad company ever objected to its being laid upon the right of way, or ever denied the authority of the corporation to put it there and maintain it after it was built.

Under the circumstances thus detailed the village was liable for damages if injury resulted from its neglect to keep the sidewalk in a reasonably safe condition. To hold otherwise would be to relieve the corporate authorities of a just measure of responsibility. They so acted in reference to the sidewalk as to hold it out to the people as a public thoroughfare. They invited the public to use it as belonging to the village. Having assumed to perform the same duty in regard to it as though it was a part of one of the streets, they were bound to use the same degree of vigilance as they exercised in reference to other sidewalks within the limits of the corporation. These views are sustained by the following authorities: 2 Dillon on Corp. (3d ed.) sec. 1009; *Sewell* v. *City of Cohoes,* 75 N. Y. 45; *City of Joliet* v. *Verley,* 35 Ill. 58; *City of Bloomington* v. *Bay,* 42 id. 503; *City of Champaign* v. *Patterson,* 50 id. 61; *Gridley* v. *City of Bloomington,* 68 id. 47.

Counsel for plaintiff in error complain further of the first instruction given for the plaintiff because it told the jury that the "village would be liable to the plaintiff for negligence in the construction or maintenance of said walk, if, by reason of such negligence, the plaintiff was injured while exercising ordinary care in passing over such walk." Counsel say: "The instruction holds the village liable for any degree of negligence ever so slight, and ignores the question of notice entirely."

So far as the question of negligence is concerned, the language of the instruction was not erroneous under the rule laid down in *Calumet Iron and Steel Co.* v. *Martin*, 115 Ill. 358. It required the jury to find that the plaintiff was exercising ordinary care and that the defendant was guilty of such negligence as produced the injury. There is no claim nor is there any proof tending to show, that the plaintiff was guilty of contributory negligence. We held in the *Martin case*, that where one has observed ordinary care, he has, even if slightly negligent, observed all the care the law requires of him, and that "where, having observed this care, he is injured by the negligence of another, that other has been guilty of the degree of negligence, for which the law charges responsibility."

In several instructions given both for the plaintiff and defendant the jury were correctly instructed in regard to the subject of notice. They were told that the plaintiff could not recover, unless the village had actual notice of the defective condition of the sidewalk, or unless the alleged defect was of such a nature and had existed for such a length of time before the injury happened, that the village officers could have discovered it by the exercise of reasonable care and diligence. The instructions must be read together and are to be regarded as a single charge. The failure to mention the subject of notice in one instruction could not have prejudiced the defendant in view of the fact that the necessity of notice, either actual or constructive, was so clearly insisted upon in other instructions in the series.

The objections to the second and third instructions given for the plaintiff, relating as they do to negligence and notice, are disposed of by suggestions already made in regard to the first instruction.

The fifth instruction for the plaintiff, which is mainly devoted to the definition of constructive notice, speaks of the duty of the village "to maintain and keep in repair the sidewalks." It is complained of because the word "repair" is not qualified by the use of the word "reasonable." It is undoubtedly the law that cities and villages are only required to keep the sidewalks in a reasonably safe condition and can only be held responsible for the failure to exercise ordinary care and prudence. (*Town of Grayville* v. *Whitaker*, 85 Ill. 439; *City of Chicago* v. *Bixby*, 84 id. 82.) And such was held to be the law in this case. In the third instruction for the plaintiff the court told the jury, that "the law requires cities and villages to construct such sidewalks as they build in such manner as to be *reasonably* safe in their use, and also to keep and maintain the same in a *reasonably* safe condition." The sixth instruction for the plaintiff directed the jury to determine, whether the sidewalk, at the point where the injury occurred, "was or was not constructed so as to be *reasonably* safe," etc. The second instruction given for defendant stated, that villages were not "insurers against accidents on their streets or sidewalks." The eighth instruction given for defendant told the jury, that "the burden of proving that the sidewalk * * * was not in a *reasonably safe* condition * * * was upon the plaintiff," etc. Therefore, if the failure to use the word "reasonable" before the word "repair" in the fifth instruction was an error, its frequent and prominent use in other instructions made the error a harmless one.

Moreover, where the word "repair" is used, as here, without any qualifying word, the jury are as much authorized to construe it to mean "reasonable repair," as to regard it as indi-

cating a higher and more perfect state of repair. *Millwood Coal and Coke Co.* v. *Madison*, 2 Atlantic Reporter, (Pa.) 39.

As to the four instructions asked by defendant which were refused, all that was material in the first and second was contained in instructions which were given, and the third and fourth were erroneous as announcing that the location of the sidewalk on the right of way of the railroad relieved the village from liability for the injury suffered by plaintiff.

We perceive no material error in the record, and, as the case has already been tried three times, we are not disposed to look with favor upon such slight mistakes as could not possibly have prejudiced the plaintiff in error.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*