## City of Lanark

*v.*

## Michael J. Dougherty.

*Filed at Ottawa October 29, 1894.*

1. Evidence—*in personal injury case—not error to exhibit injured member to jury.* In the trial of a damage suit for personal injury against a city, it is within the discretion of the court to permit a physician to examine the plaintiff's injured limb in the jury's presence.

2. Comparative negligence—*abolished in Illinois—the true rule.* The doctrine of comparative negligence is no longer the law of this State, and instructions which ignore it, and require as the ground of recovery that the plaintiff shall have exercised ordinary care and that the defendant shall have been guilty of such negligence as caused the injury, are correct.

3. Instructions — *omitting element—how cured.* An instruction which is faulty in not submitting whether a defect in a sidewalk was of such nature as *reasonably to put the city authorities upon notice as to its repair,* will, under the rule that the whole charge must be read together, be cured by an instruction for the defendant containing that element.

4. SAME—*sufficient submission of question of negligence.* The fact that an instruction requires the jury to believe the defect complained of had existed "the space of two months next preceding the accident," will not be erroneous, as making that single element negligence *per se,* provided a subsequent clause requires belief that the city authorities, "by the exercise of ordinary diligence, could and would have discovered and repaired such defect before the accident."

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. RENNER & WOODRUFF, and Messrs. HOFFMAN & HUNTER, for the appellant :

Cities are only bound to keep their streets and sidewalks in reasonably safe condition for use, and are not required to foresee and provide against every possible danger or accident. *Aurora* v. *Brown,* 12 Bradw. 122 ; *Chicago* v. *Murphy,* 84 Ill. 224 ; *Chicago* v. *Bixby,* id. 82 ; *Chicago* v. *Watson,* 6 Bradw. 344.

Mr. O. F. WOODRUFF, and Mr. W. H. A. RENNER, for the appellee :

The findings of the Appellate Court are conclusive. *Railway Co.* v. *Peyton,* 106 Ill. 534; *Williams* v. *Forbes,* 114 id. 167; *Insurance Co.* v. *Saginaw Barrel Co.* 114 id. 99 ; *Board of Education* v. *Bolton,* 104 id. 220.

Ordinary care, negligence, and the extent of the injury complained of, together with the amount of damages assessed by the jury, are all questions of fact. *Furnace Co.* v. *Abend,* 107 Ill. 44; *Railroad Co.* v. *Frelka,* 110 id. 498 ; *Pennsylvania Co.* v. *Conlon,* 101 id. 93.

The effect and weight of evidence will not be considered by this court, the same having been finally settled by the judgment of the intermediate tribunal. *Board of Education* v. *Bolton,* 104 Ill. 220 ; *Railroad Co.* v. *Bonifield,* 104 id. 224; *Railroad Co.* v. *Martin,* 111 id. 235.

Persons using sidewalks for recreation or amusement, not unlawfully, or from mere idle curiosity, are as much

within the protection of the law as those in the pursuit of their legitimate and necessary business. *Chicago* v. *Keefe,* 114 Ill. 222.

Although a party may be doing an unlawful act at the time he is injured through the negligence of another, this will not prevent a recovery, unless the act is of such a character as would naturally tend to produce the injury. *Sutton* v. *Town of Wauwatosa,* 29 Wis. 22 ; Wharton on Negligence, (2d ed.) sec. 995 ; *Woodman* v. *Foster,* 5 Fost. 67 ; *Biglow* v. *Reed,* 51 Me. 325 ; *Mohney* v. *Cook,* 26 Pa. 342 ; *Norish* v. *Litchfield,* 35 N. H. 271; *Merritt* v. *Earle,* 29 N. Y. 115.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

This is an action to recover damages for a personal injury inflicted upon appellee as the result of stepping into a hole in a sidewalk.  Verdict and judgment in the Circuit Court were in favor of appellee, and such judgment has been affirmed by the Appellate Court, whence the case is brought here by appeal.

All the questions of fact are settled by the judgment of the Appellate Court.

*First:* It is claimed, that the trial court erred in permitting the injured limb of the plaintiff to be examined in the presence of the jury by a physician who was called as an expert witness.  There was no error in the action of the court in this respect.  In an accident case it is held to be within the discretion of the court to allow the plaintiff to exhibit to the jury his injured limb or body. (*Springer* v. *City of Chicago,* 135 Ill. 552, and cases there cited).  Here, the medical expert made the examination in the presence of the jury without objection or exception on the part of the counsel for appellant.

*Second,* objections are made to three of the instructions given for the plaintiff.  It is said of two of these instructions, that they ignore the rule of comparative negligence.  The doctrine of comparative negligence is no

longer the law of this Court. The instructions in the present case require the jury to find, that the plaintiff was exercising ordinary care, and that the defendant was guilty of such negligence as produced the injury. This was sufficient, without calling the attention of the jury to any nice distinctions between different degrees of care or of negligence. (*Village of Mansfield* v. *Moore*, 124 Ill. 133).

Counsel say of the first instruction given for plaintiff : "it was a question for the jury to find from the evidence —even if they should believe the hole existed at that place and that its existence was known or ought to have been known to the city—whether its repair was necessary to make the sidewalk reasonably safe for use by the public. This question is taken from their consideration entirely by this instruction." Even if the instruction was faulty in not submitting to the jury the question, whether the defect was of such a nature as to put a reasonably prudent man upon inquiry to examine and see if the repair of the sidewalk was necessary to make it reasonably safe, that question was fully and fairly submitted in an instruction given for the defendant. The instructions must all be considered together and as one charge. Those given in this case correctly lay down the rule, that the city must keep its sidewalks in a reasonably safe condition for travel. (*Village of Mansfield* v. *Moore, supra ; Village of Jefferson* v. *Chapman*, 127 Ill. 438).

The declaration alleges, and the evidence tends to show, that the defect in the sidewalk had existed for two months. The second instruction is alleged to be erroneous because it uses these words : "if you believe from the evidence that * * * such hole had been and remained in such sidewalk for the space of two months next preceding the accident," etc. The objection made is, that the instruction treats the fact of the existence of the defect for two months as negligence *per se*, instead of leaving it to the jury to say whether such fact constituted negligence. We do not think that the instruction can be fairly

construed to have the meaning which is thus attributed to it. A subsequent clause of it requires the jury to believe from the evidence, "that the officers of the city of Lanark by the exercise of ordinary diligence could and would have discovered such a hole in said sidewalk and repaired the same prior to the happening of the accident," etc. If the opening in the sidewalk had existed for such a length of time before the accident as that the city authorities might have discovered it by the use of reasonable diligence, then the city will be presumed to have had notice of it. The question to be determined was, whether the defect had existed a sufficient length of time to affect the city with notice of its existence. (*City of Sterling* v. *Merrill*, 124 Ill. 522). This question was fairly submitted to the jury by the fourth instruction given for the defendant, which is as follows :

"4. Notwithstanding the jury may believe, from the evidence, that the sidewalk, at the time of the alleged injury, was defective, yet this fact alone would not be sufficient evidence of negligence on the part of the defendant. In order to charge the defendant with negligence, it must appear, from the evidence, not only that the sidewalk was defective at the time of the alleged injury, but it must further appear that such defect was actually known to the city through some of its officers, agents or servants, or that the defect had existed for such a length of time prior to the alleged injury that the city, if exercising ordinary diligence, would or should have known of the defect."

Objection is also made to the third instruction given for the plaintiff. This instruction is substantially the same as the first instruction given for the plaintiff in *C. & E. R. R. Co.* v. *Holland*, 122 Ill. 461, which this court there approved of and endorsed as containing "a correct proposition of law." It is not necessary to here repeat it, as it may be read upon pages 469 and 470 of the *Holland* case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*