### PHILIP S. JUDY, Jr.

*v.*

### AMANDA S. STERRETT.

*Filed at Springfield October 30, 1894.*

1. EVIDENCE—*when exclusion of proper question will not reverse.* The exclusion of a proper question will not reverse if the fact called for is stated by the witness in answer to other questions.

2. SPECIAL FINDINGS—*questions cannot call for matters of evidence.* A special question which calls for a disclosure of the evidence on which the jury's verdict is based is properly refused.

3. SAME—*questions which affect not the right, but amount, of recovery.* If special questions, proper to be submitted, are refused, and it appears from the state of the pleadings and the other findings of the jury that the answer to them could have affected only the *amount* and not the *right* of recovery, the refusal will not reverse, unless it appears that the verdict given is excessive.

4. INSTRUCTIONS—*whole law need not be stated in one instruction.* An instruction which only purports to define the law of one branch of the case need not embody every element essential to sustain the action, where other instructions are given which perform that office.

5. SAME—*when party estopped to complain of error in.* A party can not be heard to complain of an instruction for stating a proposition of law he has himself, in effect, asked for and received.

6. PROMISE TO MARRY—*based on sexual intercourse, void.* A promise of marriage made in consideration of sexual intercourse is void, but another promise between the same parties, not based on such consideration, may be enforced.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Messrs. AKERS & PETRI, and Messrs. CARTER, GOVERT & PAPE, for the appellant :

A promise to marry on the condition that a woman have sexual intercourse with a man, is contrary to public policy, and void. 2 Am. & Eng. Ency. of Law, 522, 523; 9 id. 921; 3 id. 874; *Wallace* v. *Rappleye*, 103 Ill. 229 ; 1 Story's Eq. Jur. sec. 296 ; Greenhood on Public Policy, rule 188, p. 201; Bishop on Contracts, sec. 508 ; *Hanks* v. *Naglee*, 54 Cal. 51; *Steinfeld* v. *Levy*, 16 Abb. Pr. 26 ; *Goodall* v. *Thurman*, 1 Head, 209 ; *Baldy* v. *Stratton*, 11 Pa. St. 316 ; *Forsythe* v. *State*, 6 Ohio, 19; *Beaumont* v. *Reeve*, 8 A. & E. 483.

If any part of the entire consideration for a promise, or any part of an entire promise, be illegal, the whole contract is void. 1 Parsons on Contracts, (6th ed.) *456 ; Bishop on Contracts, sec. 487; *Steinfeld* v. *Levy*, 16 Abb. Pr. 26 ; *James* v. *Jellison*, 94 Ind. 292 ; *Lodge* v. *Crary*, 98 id. 238 ; *Ricketts* v. *Harvey*, 106 id. 564.

The defendant may show that he was discharged by the plaintiff's express consent, or by her consent to be implied from her conduct. 2 Am. & Eng. Ency. of Law, 525, 526 ; Bishop on Contracts, secs. 812, 837; 2 Parsons on Contracts, *658, *678 ; *Shellenbarger* v. *Blake*, 67 Ind. 75 ; *Grant* v. *Willey*, 101 Mass. 356 ; *King* v. *Gillett*, 7 M. & W. 55 ; *Davis* v. *Bomford*, 6 H. & N. 245 ; *Follansbee* v. *Adams*, 86 Ill. 13 ; *Fox* v. *Kitton*, 19 id. 519; *Schoonover* v. *Christy*, 20 id. 426 ; *Chamber of Commerce* v. *Sollitt*, 43 id. 519 ; *Bannister* v. *Reed*, 1 Gilm. 92 ; *Goodrich* v. *Lafflin*, 1 Pick. 57; *Hill* v. *Green*, 4 id. 114.

Mere courtship, or even an intention to marry, is not sufficient to constitute a contract of marriage. 1 Waite's Actions and Defenses, 722 ; *Homan* v. *Earle*, 53 N. Y. 267.

It by no means follows because a gentleman is a suitor of a lady, and visits her frequently, that a marriage engagement exists between them. *Walmsley* v. *Robinson*, 63 Ill. 41; *Townsly* v. *Quinlan*, 17 Ill. App. 610; *Burnham* v. *Cornwell*, 16 B. Mon. 284.

To make a valid contract of marriage there must be an acceptance of the offer. Both parties are bound, or neither is. 2 Am. & Eng. Ency. of Law, 521, and cases cited; 3 id. 846, note 4, and cases cited; *Espy* v. *Jones*, 37 Ala. 379; *Kelly* v. *Riley*, 106 Mass. 339; *McKinley* v. *Watkins*, 13 Ill. 140; *Fidler* v. *McKinley*, 21 id. 308; see separate opinion, p. 316.

A question which calls for a special finding by the jury, the answer to which would contain a probative fact, from which the ultimate fact would necessarily result, is material, and should be submitted. *Railroad Co.* v. *Dunleavy*, 129 Ill. 132.

In a breach of promise case, when the declaration contains a count for seduction, it is a material and ultimate fact in the case whether the plaintiff had sexual intercourse with the defendant by reason of such promise; and a special question, requiring the jury to find that fact, is proper. *Fidler* v. *McKinley*, 21 Ill. 308; *Tubbs* v. *Van Kleek*, 12 id. 446.

It is error to give an instruction to the jury which is not based on evidence, or which directs the jury to find for one party on considering a part of the evidence only. *Prescott* v. *Maxwell*, 48 Ill. 82; *Insurance Co.* v. *McKee*, 94 id. 494; *Warren* v. *Wright*, 103 id. 298; *Harris* v. *Cornell*, 80 id. 54; *Logg* v. *People*, 92 id. 598; *Thorp* v. *Goewey*, 85 id. 612; *Chesney* v. *Meadows*, 90 id. 430; *Railroad Co.* v. *Griffin*, 68 id. 499; *Evans* v. *George*, 80 id. 51; *Weyrich* v. *People*, 89 id. 90; *Chambers* v. *People*, 105 id. 409; *Cushman* v. *Coggswell*, 86 id. 62; *Sanders* v. *People*, 124 id. 218.

It is error to submit to the jury a question of law. The second instruction given for plaintiff below violates this rule. *Wallard* v. *Worthman*, 84 Ill. 446; *Byers* v. *Thomp-*

*son,* 66 id. 421; *McClure* v. *Williams,* 65 id. 392; *Mitchell* v. *Fond du Lac,* 61 id. 174; *White* v. *Murtland,* 71 id. 250; *Bullock* v. *Narratt,* 49 id. 62.

Messrs. O'HARRA, SCOFIELD & HARTZELL, for the appellee:

Parties are presumed to intend what their conduct fairly indicates. An agreement to marry may be inferred by the jury from their conduct and treatment of each other, their letters, and their habits. 2 Am. & Eng. Ency. of Law, 521; *Richmond* v. *Roberts,* 98 Ill. 472; *Rockafellow* v. *Newcomb,* 57 id. 186; *Blackburn* v. *Mann,* 85 id. 222.

The very words or time or manner of the promise need not be proved, for it may be inferred from circumstances. 1 Greenleaf on Evidence, 62; *Wightman* v. *Coats,* 15 Mass. 1.

An express promise is not necessary. It may be inferred from the language, conduct and relations of the parties. *Greenup* v. *Stoker,* 3 Gilm. 202; *Burnett* v. *Simpkins,* 24 Ill. 264; *Rockafellow* v. *Newcomb,* 57 id. 186; *Blackburn* v. *Mann,* 85 id. 222.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was assumpsit for breach of promise of marriage, brought by Amanda S. Sterrett, against Philip S. Judy, Jr., in the circuit court of Hancock county, to the October term thereof, 1892. The cause was tried before a jury, who found for the plaintiff and assessed her damages at $3500, and also returned answers to special interrogatories propounded to them. Judgment was rendered on the verdict. From that judgment the defendant appealed to the Appellate Court, and from the judgment of affirmance in that court brings this appeal.

By the judgment of the Appellate Court the facts in the case have been conclusively settled in favor of appellee and against appellant.

Appellant's first contention is, that the trial court erred in refusing to permit him, while testifying, to answer this

153—7

question: "Mr. Judy, did you, at any time since you have known Miss Sterrett, ever promise to marry her?" We do not know upon what ground such a ruling was made. The question was proper, and appellant should have been allowed to answer it. This error, however, was harmless, since appellant testified, in answer to other questions, that he had never made any such promise.

The trial court was requested by appellant to submit to the jury, for their answer, eight special questions of fact, four of which,—the first, third, sixth and seventh,— the court submitted, but not the other four, and the second contention is that the court erred in refusing to submit to the jury the second, fourth, fifth and eighth of said questions.

The second question was as follows: "If you have answered yes to question one, then when and where did he make such promise?" This was properly refused, for the jury were not required to state the evidence upon which they based their conclusions and from which they found the ultimate facts. (*Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 Ill. 132.) The eighth question was properly refused for the same reason.

The fourth and fifth refused questions were as follows: 4. "Did the plaintiff, at the time she had sexual intercourse with the defendant, do so upon his promise to marry her?" 5. "Did the plaintiff, at the time she had sexual intercourse with the defendant, do so upon his promise to marry her if she became pregnant as a result of such sexual intercourse?" Any answer the jury might have returned to those questions, or either of them, could not have affected the appellee's right of recovery, since they found, in answer to other special questions submitted to them, that appellant had made another promise to marry appellee, besides the one that he would marry her if she would have sexual intercourse with him. The third count of the declaration, however, alleged a seduction, and evidence was adduced in behalf of appellee to sustain that

allegation, which was strenuously denied by appellant. The jury, by answering either of those questions, would have found whether there had or had not been a seduction, which was material, as affecting the measure of damages, for seduction, in an action for breach of promise of marriage, when accomplished by virtue of a promise of marriage, may be proved in aggravation of damages. (*Tubbs* v. *Van Kleek*, 12 Ill. 446 ; *Fidler* v. *McKinley*, 21 id. 308.) The said fourth and fifth questions, therefore, should have been submitted to the jury.

But was the error thus committed by the trial court vital? We think not. Suppose those questions had been submitted, and the jury had returned affirmative answers to them. The fact of seduction so found could not, as before said, have affected the appellee's right of recovery. The jury were informed by the seventeenth instruction given in appellant's behalf, that a promise of marriage made solely on consideration that appellee should have sexual intercourse with appellant was void, and they found, in answer to questions submitted to them, that there was another promise besides the one just referred to. Their verdict, therefore, must necessarily have been based, not upon the void promise, but upon the other promise. Suppose, on the other hand, that the jury had answered those questions in the negative, thus finding that there was no seduction. Can it be said that they would then have returned a smaller verdict for appellee than they did return? Not unless it can be also said that the damages actually assessed were excessive where no seduction had been proved; and we do not think they were. It follows, therefore, that the rights of appellant could not have been seriously prejudiced by this error.

The third contention is, that the trial court erred in giving the second instruction asked for appellee, which was as follows :

"You are instructed that under a declaration charging a promise to marry upon request, or within a reasonable .

time, such request need not necessarily be made by the plaintiff herself; and in this case, if you find, from the evidence, that there was a valid, subsisting contract of marriage between the plaintiff and defendant, and that no definite time was fixed by the parties in the contract, then the law would presume a contract to marry within a reasonable time; and if you further believe, from the evidence, that after a reasonable time from the making of said contract, and before the commencement of this suit, the plaintiff herself, or any one authorized by her for that purpose, called upon the defendant and requested him to marry the plaintiff, and that he refused and neglected to do so, then you should find the issues for the plaintiff."

It is urged that the instruction was bad, for the alleged reason that it submitted to the jury the question of law as to whether or not there was "a valid, subsisting contract of marriage," without informing the jury what was required to constitute such a contract. The purpose of the instruction was manifestly to inform the jury that, in a contract of marriage where no definite time was fixed by the parties thereto for its performance, the law will presume that the contract was to be performed within a reasonable time; and that in a contract to marry upon request, or within a reasonable time, the request need not necessarily be made by the plaintiff herself, but might be made through an authorized agent. It is not necessary that an instruction intended to subserve some particular office, or to define the law of some particular branch of the case, should have embodied in it every fact or element essential to sustain the action. (*Village of Sheridan* v. *Hibbard*, 119 Ill. 307; *Chicago, Burlington and Quincy Railroad Co.* v. *Payne, Admr.* 59 id. 534.) It is sufficient if the jury were informed in other instructions what was required to constitute "a valid, subsisting contract of marriage." We think the jury were sufficiently enlightened on that subject by the first instruction given for appellee and the

seventeenth given for appellant, when both were read together.

Appellant's fourth contention is, that the trial court erred in modifying instruction No. 17, asked in his behalf, instead of submitting it as offered. The instruction as asked was as follows :

"The court instructs the jury, that when a man promises to marry a woman on consideration that she should permit him to have sexual intercourse with her, or on the consideration that she would permit him to have sexual intercourse with her, and as a result of such intercourse she should become pregnant, is illegal, and cannot be enforced in law. And in this case, if you find, from the evidence, that the defendant did promise to marry the plaintiff, as alleged in the third count of the declaration, and that there was no other consideration for such promise except that alleged in said third count of said declaration, then you should find for the defendant."

Which the court modified by inserting the word "solely," so as to make it read, "if a man promises to marry a woman *solely* on consideration," etc., "or *solely* on consideration," etc., and then gave it to the jury as modified. It is objected that by such a modification the jury were in effect told, that if any part of the consideration for the promise was good or lawful the promise was binding. That is true. But appellant cannot be heard to complain, for in the latter part of the instruction we find this language : "If you find, from the evidence, that the defendant did promise to marry the plaintiff, as alleged in the third count of the declaration, and that there was no other consideration for such promise, at any time, except that alleged in said third count of said declaration, then you should find for the defendant." The third count charged that appellant had promised to marry appellee if she should consent to have sexual intercourse with him and as a result thereof should become pregnant. Thus appellant objects to the giving of what he had himself

asked, for what can be the difference, in effect, between the expressions "solely" and "no other," as used in the instruction we are considering?—since a promise to marry appellee *solely* on consideration that she should have sexual intercourse with appellant was a promise ·to marry her upon such a consideration, where "there was *no other* consideration for such promise."

The record contains other assignments of error, but we do not consider it necessary to discuss them. Suffice it to say, we find no harmful error in the record, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.