THE CATHOLIC ORDER OF FORESTERS

*v.*

BARBARA FITZ.

*Opinion filed October 16, 1899.*

1. APPEALS AND ERRORS—*whether deceased member of benefit society was in good standing is a question of fact.* Whether a deceased member of a benefit society was in good standing is a question of fact, upon which the adjudication of the trial and Appellate Courts is conclusive in an action at law.

2. SAME—*when instruction ignoring matters of defense is not erroneous.* An instruction given for the plaintiff which ignores matters of de-

fense which there is evidence tending to prove is not erroneous, where the jury could not have been misled by the omission, and the instructions, taken as a series, fairly and impartially state the law governing the case.

3. TRIAL—*finding of jury read by court and assented to by the jury is a verdict.* If the written finding of the jury is put in proper form by the court, and is assented to by the jurors as their verdict when read aloud to them in its altered state, the finding as read constitutes their verdict.

*Catholic Order of Foresters* v. *Fitz*, 81 Ill. App. 389, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

E. S. CUMMINGS, and E. MEERS, for appellant.

COWING & YOUNG, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee brought suit to recover upon an endowment certificate issued by appellant, of date September 3, 1891, in which appellant bound itself to pay appellee $1000 upon satisfactory evidence of the death of Michael Fitz, her husband, and upon the surrender of the certificate, provided the same should not have been surrendered by him and another certificate issued, and upon the further condition that said Michael Fitz should comply with all rules and laws governing the order then in force or that might thereafter be enacted. The declaration in assumpsit contained the common counts and two special counts, in which latter the certificate is set out in substance; averring the death of Michael Fitz on April 3, 1896, and that he kept and performed the obligations by him to be kept and performed under said certificate, and that appellee since his death has performed all that she was required to do since his death, and that she is the beneficiary, and that by reason of the death of deceased ap-

pellant is indebted to her in the sum of $1000. Appellant pleaded the general issue, and in defense insisted that the deceased, at the time of his death, was not a member of the order in good standing. On a trial in the circuit court of Will county the jury returned a verdict for plaintiff for $1000, on which judgment was entered. An appeal was prosecuted by defendant to the Appellate Court for the Second District, where that judgment was affirmed, and this appeal is prosecuted.

The verdict, as entered by the clerk in the record, as returned by the jury, is as follows: "We, the jury, find the issues herein joined for plaintiff, and assess her damages at the sum of $1000, with interest at five per cent from the date of the defendant's refusal to pay said certificate, after paying all dues and assessments from November 18, 1894, to the time of his, M. Fitz's, death." By the bill of exceptions signed and certified in this case it appears that when the jury returned into court with their verdict the same was handed to the presiding judge, who read it aloud to the jury, as follows: "We, the jury, find the issues herein joined for the plaintiff, and assess her damages at the sum of $1000," and the court thereupon inquired of the jury if they all so said and this was their verdict, to which the several members of the jury responded in the affirmative.

The record, as certified by the clerk as to the verdict returned, differs from the verdict appearing in the bill of exceptions in this cause. We held in *Hirth* v. *Lynch*, 96 Ill. 409: "Where the recitals of the record of proceedings as made up by the clerk and the statements of a bill of exceptions duly signed and sealed by the judge are not in harmony, we must take the real truth to be as stated by the bill of exceptions." The written finding returned into court by the jury, stating the amount found for the plaintiff and leaving additions to be made by the addition of interest, did not constitute a verdict. A verdict is not considered valid and binding until pronounced in

open court.   Either party has the right to have a jury polled before the verdict is recorded, and if any juror does not assent to the verdict it is not the verdict of the jury.   But where a verdict is delivered by a jury orally in court by the foreman, in the presence and hearing of the other jurors, and the verdict is in due form, it may be received as the verdict of the jury, or where, as in this case, the court puts the verdict in form and reads to the jury a verdict in proper form, to which they severally assent as being their verdict when read aloud to them, such verdict so read aloud as assented to by them constitutes the verdict of the jury.   *Griffin* v. *Larned*, 111 Ill. 432.

The defense relied upon was, that the deceased, at the time of his death, was not a member of the order in good standing, according to the laws of the order.   On this question the evidence was conflicting, and it is purely a question of fact, the adjudication of which by the trial and Appellate Courts is conclusive on this court.

Objection is made that the court erred in giving an instruction for the plaintiff which ignores matters of defense which there is evidence tending to prove.   It is not necessary to state in one instruction every element of the case, both for the plaintiff and defendant.   (*Judy* v. *Sterrett*, 153 Ill. 94.)   If the instructions, taken as a series, fairly and impartially state the law governing the case, and the court can see that the jury could not be misled by the instructions, this will be sufficient, as an attempt to state the entire case, both for the plaintiff and the defendant, in one instruction is calculated to confuse the jury.   It is the entire series that is to be considered in determining the question as to whether the jury could be misled thereby.   (*City of Lanark* v. *Dougherty*, 153 Ill. 163; *Day* v. *Porter*, 161 id. 235; *McCommon* v. *McCommon*, 151 id. 428; *Wenona Coal Co.* v. *Holmquist*, 152 id. 581.)   And whilst a single instruction may omit matters of defense in such a manner as to mislead the jury and be reversible error, yet on a careful examination of the instructions in this

181—14

case we do not find that the jury could have been misled by the series of instructions, or that there was such omission of matters of defense in any one instruction as might have misled the jury or caused confusion. We are constrained to hold that there was no error in the giving, refusing or modifying the instructions that in any manner prejudiced the defendant.

The judgment of the Appellate Court for the Second District is affirmed.                *Judgment affirmed.*