## V. T. Malott, Receiver, v. George A. Crow, Adm., etc.

1.  INSTRUCTIONS—*To be Read as One Series.*—The entire instructions upon the measure of damages must be taken and read together as one charge to the jury on that question.

2.  FELLOW-SERVANTS—*A Question of Fact.*—The question as to whether certain employes of a railroad company are fellow-servants. is one of fact to be determined by the jury under proper instructions from the court as to what constitutes fellow-servants.

Malott v. Crow.

Trespass on the Case, for personal injuries.   Error to the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding.   Heard in this court at the February term, 1900.   Affirmed.   Opinion filed September 8, 1900.

Forman & Browning and Turner & Holder, attorneys for plaintiff in error.

Messick, Moyers & Crow, attorneys for defendant in error.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

Van D. Whitworth was an employe on the railroad of which appellant was receiver, and was engaged as fireman in running a coal train between East St. Louis and Collinsville, a station on the road about ten miles east of the former place.   The train ran daily except Sunday, leaving East St. Louis at five o'clock in the morning and arriving at Collinsville an hour later.   There were large switching yards extending the entire distance between Collinsville and Canton, a small station three miles east of Collinsville. Along the switch tracks were coal mines and brick yards.

After the coal train arrived at the switch yards, it became a switch train for the yards, and usually remained there switching cars until about five o'clock P. M. of each day, when it returned to East St. Louis, loaded with coal. The train, while at work in the yards, had the right to occupy the main track, except as to regular scheduled trains, and extra trains when notified of their approach.

Immediately east of the switch yard there was a sharp curve in the road, and this, with a high bluff on the north side of and near the road, obstructed the view of a train coming from the east, except for a short distance, and the grade of the road was downward toward the west, before and as it entered the switch yard.

By the rules of the management of the road, all trains entering the switch yard, or working therein, were required to be under full control of those in charge of them.

About noon of December 19, 1898, the locomotive of the coal or switch train was running backward, pulling six or eight empty cars toward the east end of the yard, when an extra freight train of twenty-six cars, running wild, coming from the east, without notice to the crew of the switching train, came around the curve in the road, into the freight yard, and collided with the back end of the locomotive of the switching train, killing the fireman and severely injuring the engineer.

This action was brought for the alleged negligence of the management of the railroad in causing the fireman's death, while he was in the exercise of ordinary care for his own safety, and without notice of the running of the wild train. The plaintiff below recovered a verdict and judgment for $2,500, and the defendant has sued out a writ of error and brought the case here for review by this court.

The errors assigned for which a reversal of the judgment is asked are stated by counsel as follows:

"That improper instructions had been given at the request of the plaintiff; that proper instructions asked for by the defendant had been refused; that the verdict was contrary to the law and the evidence; that the verdict was excessive; that the attorney for the plaintiff, in his closing remarks to the jury, made improper remarks to them, influencing the verdict."

But one instruction was given for the plaintiff below, and it is as follows:

"The court instructs you that if you believe from the preponderance of the evidence that the deceased, Van D. Whitworth, was killed in manner and form as charged in the declaration, and that the defendant was guilty of the negligence charged against him in either count of the declaration, then your verdict should be for the plaintiff, and you should assess his damages at such sum as you may believe from the evidence will compensate the loss sustained, not, however, to exceed five thousand dollars."

The instruction is not accurate, as it does not confine the measure of damages to the actual pecuniary loss sustained; but there is nothing in it inconsistent with plaintiff in error's instructions ten and eleven given to the jury, as follows:

"10. The court instructs the jury that in case you should find the issues for the plaintiff, your verdict should be only for the pecuniary or money loss sustained by the next of kin, by reason of the death of deceased. In this character of suit you can not consider as a measure of damages the pain and suffering that deceased underwent or the bereavement and suffering of the next of kin, by reason of his death.

"11. The court further instructs the jury that in this case you can not presume that the next of kin have suffered pecuniary loss because of the death, but the pecuniary loss, if any has been sustained, must be proven; and unless the next of kin for whose use this suit is brought, were in the habit of claiming and receiving pecuniary assistance of the deceased, your verdict should only be for a nominal sum; but if you find from the evidence that said next of kin were in the habit of claiming and receiving pecuniary aid from the deceased, then your verdict should be for the actual money loss that they sustained by reason of his death, provided you find the issues for the plaintiff."

The entire instructions upon the measure of damages must be taken and read together as one charge to the jury. Village of Mansfield v. Moore, 124 Ill. 133; Tedens et al. v. Sanitary Dist., 149 Ill. 87; C., C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 474; City of Lanark v. Dougherty, 153 Ill. 163.

When this is done, there is scarcely ground for suspicion that the jury may have been misled by the instruction of defendant in error.

Plaintiff in error asked but one instruction that was refused, and it undertook to tell the jury that the crews of the coal train and extra freight train were fellow-servants. There is no evidence that either crew knew that the other existed until a few seconds before the collision occurred. The question whether they were fellow-servants was one of fact, to be determined by the jury under proper instructions from the court as to what constitutes fellow-servants, and as plaintiff in error asked and the court gave to the jury such instructions, the court did all it had authority to do, and it did not err in refusing the instruction which it declined to give.

It is mainly upon the assumed fact that the crews of the two trains were fellow-servants that counsel for plaintiff in error draw the conclusion that the verdict is " contrary to law and the evidence," and since what has already been said disposes of the assumption, no further answer need be made to the incorrect conclusion drawn therefrom.

No reference is made in the brief and argument of counsel for plaintiff in error as to the amount of damages assessed by the jury being excessive; and on looking into the evidence upon that subject, we conclude the omission was not unintentional.

We do not deem the error in regard to the remarks of counsel for defendant in error, made in his closing speech to the jury, of sufficient importance to require a reversal of the judgment.

The main portion of the claimed objectionable language was in reply to language of counsel for plaintiff in error, in his speech to the jury, and was upon a subject proper to have been discussed by both sides.

The defendant seems to have had a fair trial, and no error of any importance appearing in the record, the judgment is affirmed.